# CROW v. THE DECATUR BANK.

1. It is error to render a final judgment by default against a defendant who has interposed the plea of *non est factum*.

ERROR to the County Court of Morgan.

MARTIN, for the plaintiff in error.
McCLUNG, *contra*.

ORMOND, J.—The Bank commenced a suit, by motion, against the plaintiff in error, on a promissory note for two thousand dollars, to which he appeared and pleaded, denying the execution of the note, which was verified by affidavit. At the trial of the cause he failed to appear, and judgment final was rendered against him by default ; this is now assigned for error.

The statute of this State [Aik. Dig. 283, § 137] makes every writing on which a suit is commenced, evidence of the debt or duty for which it was given, and prohibits the defendant from denying the execution of the instrument sued on, except by plea, supported by affidavit.

The effect of this statute is, that when a sworn plea is interposed, the parties stand as they did at common law, when the general issue was pleaded, which devolved on the plaintiff the necessity of proving the execution of the instrument sued on. That being done in this case, and the statutory presumption in favor of the instrument being destroyed by the plea no judgment could be rendered in favor of the plaintiff, but on proof that the note was made by the defendant, or by his authority. The necessity for this is not waived by the default, for the reason stated, that the note is not *prima facie* evidence, and the judgment being by default, the presumption is excluded that any evidence whatever was offered by the plaintiff to sustain the allegations of the motion.

The case of Dougherty v, Colquett, [2 Ala. Rep. 337,] is unlike this case. There, a judgment by default was taken after a plea, but the plea in that case did not question the plaintiff's

32

*cause* of action, but merely denied his right to maintain that action, because another suit was depending for the same matter. This was affirmative matter, which the defendant was bound to prove, and was therefore unlike the plea in this case, which casts the *onus* upon the plaintiff.

Let the judgment be reversed, and the cause remanded.