DANIEL, ET AL. LEGAL REPRESENTATIVES OF, &C. V. HOPPER.

1. A garnishee who acknowledges the service of a garnishment regularly issued, and answers the same, cannot object on error that the process was not executed by the sheriff, or proper officer.

WRIT of error to the County Court of Montgomery.

On the first of February, 1843, oath was duly made, that the plaintiffs in error had recovered a judgment in the orphans' court of Montgomery, against Anderson Thomas, for the sum of twenty-eight hundred and seventy-one 60-100 dollars, besides costs; that the defendant in the judgment had no property in his possession to satisfy the same; and that affiant had just reason to believe that the defendant in error is indebted to him, &c. A garnishment was immediately issued in pursuance of the affida-

vit, and served on the garnishee, as shown by the following endorsement, viz:

"Service accepted, this 1st February, 1843.

Jos. D. Hopper."

The garnishee appeared and answered to the garnishment; and at the term of the county court next succeeding his appearance, moved " to quash and set aside the service of the garnishment in this cause, because he says the same was accepted, and not executed by the sheriff." This motion was granted, and a judgment entered accordingly.

T. Williams, for the plaintiff in error, cited Clay's Dig. 259; 3 Stewt. Rep. 192; id. 480; 1 Stewt. & P. Rep. 298; 6 Porter's Rep. 365.

Elmore, for the defendant, relied on Rapelye & Co. v. Ware, [1 Stewt. Rep. 33.]

COLLIER, C. J.—The act of 1818, after providing that a garnishment may be issued where the plaintiff or other credible person shall make affidavit that the defendant has no property in his possession, &c., authorizes the court, to cause the person supposed to be indebted, &c., to be summoned to appear forthwith before such court, as a garnishee, &c. [Clay's Dig. 259, sec, 2.] By summoning the garnishee, is meant nothing more than to give him notice of the contents of the process issued against him, that he may appear at the time it prescribes. True, the garnishment, like all other process, should be served by the proper executive officer; yet, as it is intended as a mere notice to the garnishee, it is entirely competent for him to dispense with this mode of service, by his written acknowledgement that he has received, or dispenses with service. This has been done in the present case, as the motion of the garnishee admits. Not only has the defendant in error admitted that he was served with the process, but he has submitted his answer in writing; and this, at least, should, upon principles, founded both in analogy and sound reasoning, foreclose all objection as to the manner in which he was brought before the court. In other cases, the acceptance of service of a writ, or an actual appearance without it, has always been regarded by us as equivalent to its execution

by a competent legal officer. In fact, it would be trifling with the dignity which should distinguish judicial proceedings, to permit one who has come into court voluntarily, or by coercion, and submitted to its action, to object that he had not been regularly brought in.

The judgment of the county court is sought to be sustained by the case of Lawrence, Rapelye & Co. v. Ware, [1 Stewt. Rep. 33.] In that case, an original attachment was issued at the suit of the defendant in error against the plaintiffs, in September, 1823, and a summons for J. D. & Co. was served on their agent. In the fall of 1825, two years afterwards, J. D. answered on oath before a justice of the peace, and his answer was brought into court, admitting that he had notes of the defendants in his hands for a certain sum, and consenting that a judgment might be rendered against him therefor. The court were of opinion that the affidavit was voluntary, and not in obedience to any process; and held that it was important the examination of the garnishee should be in open court, in order to protect the rights of absent defendants, and to prevent the abuses to which this mode of instituting an action is liable. The mere statement of this case will, at once show, that it is unlike the one at bar. There, the garnishee's answer was made out of court; here, he appeared in obedience to process, and submitted to answer in open court. Neither was the service of the garnishment made or accepted by the garnishee. And, besides, the defendants in attachment were themselves complaining of the irregularity. Whether this state of facts warranted the judgment of the court in that case, it is not necessary to inquire. They are quite sufficient to distinguish the cases from each other. [Smith v. Chapman & Brother, 6 Porter's Rep. 369, 70.]

It results from what has been said, that the judgment of the county court is reversed, and the cause remanded.