## CASE & PATE *vs.* MOORE.

1. When judgment is rendered by a justice of the peace against a garnishee on his answer, who takes the case to the Circuit Court by appeal or *certiorari*, he is entitled to the privilege of answering over; but he will be held to have waived this privilege if he does not claim it by offering to make further answer.

2. When the proceedings are commenced in the Circuit Court, judgment by default cannot be rendered against a garnishee, until the fourth day of the term; but this does not apply to cases brought into that court by appeal or *certiorari* at the instance of the garnishee.

3. A judgment rendered against a garnishee will be reversed on error, when the record does not show that the plaintiff had obtained judgment against the original defendant.

ERROR to the Circuit Court of Lawrence.

Tried before the Hon. THOMAS A. WALKER.

DAVID P. LEWIS, for plaintiff in error:

1. The case should have been tried *de novo* in the Circuit Court. Gayle v. Turner, Minor's R., 306; Colman v. Waters, 3 Porter, 381.

2. Before Moore could obtain a judgment final in the Circuit Court, it was necessary for him to take the proper steps in that court to entitle him to it. Case had a right to answer

over. Colman v. Waters, 3 Porter 381. On his failure to answer, Moore should have taken a judgment *nisi* on the fourth day of the term. Jones v. Hart & Bosworth, 2 Ala., 73. Moore should have exhibited his judgment against Elkins, and the record should show it, before he could take judgment against Case & Pate. Gaines v. Beirne & McMahan, 3 Ala., 114; Leigh v. Smith, 5 ib., 583.

3. A judgment by default against a garnishee on the third day of the term to which he is summoned, is erroneous, and will be reversed on error. Randolph v. Peck & Co., 4 Ala., 389.

R. O. PICKETT, *contra:*

1. The statute contemplates the *viva voce* examination of the garnishee in open court; but this may be dispensed with, and the answer received in writing. Here the garnishee had answered in writing, and the court did not err in rendering judgment on such answer. Gaines v. Beirne & McMahan, 3 Ala., 114.

2. The case of Randolph v. Peck, 4 Ala., 389, is not applicable to this case.

CHILTON, C. J.—Case was summoned by process of garnishment to answer what he was indebted to one Elkins, against whom Moore had obtained a judgment before a justice of the peace, and filed his answer in writing, admitting an indebtedness to the amount of thirty dollars, dated 22d February, 1851. The justice rendered a judgment against him for that sum. It appears from the affidavit of Moore, that his judgment against Elkins was for the sum of twenty-four dollars and eighty-five cents, and was rendered the 23d December, 1848, before the justice who gave judgment against the garnishee. Case obtained a *certiorari* and *supersedeas*, to remove the case to the Circuit Court, setting forth, in his petition, that his supposed indebtedness accrued by reason of the purchase of certain property of which he had been deprived by title paramount, as ascertained by a trial at law since he made his answer. The cause being sent up to the Circuit Court, a judgment was rendered against the garnishee and his security on the *certiorari* bond, for the sum of thirty-three

dollars and eighty cents, the judgment entry reciting, that Moore, the plaintiff, came by his attorney on the third day of the term, " and the defendant failing further to defend his said answer as garnishee in the court below, the plaintiff moves the court for a judgment according to said answer; whereupon it was considered by the court that the plaintiff recover," &c.

It is contended that this judgment was erroneous, because the case was to be tried *de novo* in the Circuit Court, and that consequently the garnishee had a right to answer over; that failing to answer, the plaintiff should have proceeded to obtain a judgment *nisi* and have awarded a *scire facias* to make it final; but that such judgment, by default, could not be properly rendered on the third day of the term to which the *certiorari* was made returnable. It is further insisted by the counsel for the plaintiff in error, that the record should show that Moore had obtained a judgment against Elkins.

It is true that the case was to be tried *de novo* in the Circuit Court, and that the garnishee was entitled to the privilege of answering over, Colman v. Waters, 3 Port. Rep., 381; but it is equally true, that where a judgment has been rendered against him before the justice, and he takes the case up to avoid the judgment, he may waive and does waive this privilege unless he claims it. The plaintiff in the garnishment may, by the production of the evidence of his judgment against the debtor and the written answer of the garnishee admitting an indebtedness, entitle himself to judgment against the garnishee, who must be presumed to have waived his right to answer over by not offering to make further answer.

Neither can the objection, that the judgment was rendered against the garnishee on the third day of the term, be supported. This applies to proceedings in garnishment commenced in the Circuit Court, and not to cases brought up on appeal or *certiorari*, at the instance of the garnishee, to that court. Were we to give the statute the construction contended for, the result would be that garnishees against whom judgments might be rendered before justices of the peace, could always obtain more than six months' delay, by appealing to the Circuit Court and failing to prosecute such appeal. In legal contemplation, the party who takes the appeal or

Smith v. Smith.

brings the case up by *certiorari*, is in court, and cognizant of the proceedings had in the cause; certainly he should not be allowed to claim any benefit as based upon his voluntary absence. The case, when placed upon the docket of the Circuit Court, like other cases of appeal, stands for trial when it is regularly reached.

The last ground of objection taken by the counsel for the plaintiff in error, namely, that the record fails to show that Moore had obtained a judgment against Elkins, is well taken, and is fatal to the judgment in this court. This is a summary, statutory remedy, and the record should affirmatively show that the proceedings conform to the statute. This might have been done by the recitals of the record, had it been properly made up, without setting out the proof of the judgment; but in the absence of such recitals, we cannot aid the proceedings by intending that there was proof of a judgment. 2 Ala., 253; see also, Bostwick v. Kirkland & Beach, 18 ib., 80.

For this error, the judgment must be reversed, and the cause remanded.