## FAULKS *vs.* HEARD & DUE.

[ATTACHMENT AND GARNISHMENT.]

1. *Form and sufficiency of judgment against garnishee.*—A judgment against a garnishee, condemning a specified sum found due from him to the defendant, must specify the amount of the plaintiff's judgment against the defendant. (WALKER, J., *dissenting.*)

2. *As to amendment and affirmance of judgment*—A judgment against a garnishee, which is fatally defective because it does not specify the amount of the plaintiff's judgment against the original defendant, cannot be corrected and affirmed on error, when the record nowhere discloses the facts necessary to authorize the amendment.

3. *What constitutes record of garnishment case.*—When an appeal is taken by a garnishee from the judgment rendered against him, the judgment against the original defendant constitutes no part of the record of the cause, unless made so by bill of exceptions, or in some other appropriate manner. (WALKER, J., *dissenting.*)

4. *Affidavit contesting garnishee's answer.*—The plaintiff's attorney may make the affidavit required by the statute, for the purpose of contesting the answer of a garnishee.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. ROBERT DOUGHERTY.

THE appellees commenced suit, by original attachment, issued on the 23d June, 1852, against Levi M. Sennett; and summoned the appellant by process of garnishment, on the 24th June, as the debtor of said Sennett. At the return term of the garnishment, the garnishee answered, denying any indebtedness; but his answer was controverted on the affidavit of the plaintiffs' attorney, and the issue formed thereon was found against him. Judgment final against the garnishee was rendered at the April term, 1855, in these words: "This day came the plaintiffs, by their attorney, the issue being a contest of the answer of John P. Faulks, garnishee; and thereupon came a jury of good and lawful men," &c., "who, upon their oaths, do say, 'We, the jury, do say and find that the said garnishee, John P. Faulks, is indebted to the said defendant, Levi M. Sennett, in the sum of $276 62; and it appearing to the satisfaction of the court that the said plaintiffs' judgment against the said Levi M. Sennett is unsatisfied: It is therefore considered by the court, that the plaintiffs, Heard & Due, recover of the said John P. Faulks the said sum of $276 62, assessed by the jury as aforesaid, together with the costs; for which execution may issue."

The garnishee appeals from this judgment, and now assigns it as error, on the following (with other) grounds: 1st, that it nowhere specifies the amount of the plaintiffs' judgment against the defendant in attachment; and, 2d, that the plaintiffs' attorney was not authorized by the statute to make the affidavit contesting the garnishee's answer.

ELMORE & YANCEY, for the appellant.

N. S. GRAHAM, *contra.*

STONE, J.—The judgment against the garnishee is fatally defective. It does not recite the amount of the judgment against the defendant in attachment; and hence we cannot know that the appellees are entitled to the judgment for two hundred and seventy-six 62-100 dollars, which they recovered against the garnishee. Neither does the answer of the garnishee, or any other part of the record of the recovery against the garnishee, show the amount of the judgment against the defendant in attachment; and it follows, that we have nothing by which to amend the judgment against the garnishee.—Case & Pate v. Moore, 21 Ala. 758; Jackson v. Shipman, 28 Ala. 488; Travis v. Tartt, 8 Ala. 574; Cook v. Walthal, 20 Ala. 334.

A *certiorari* to bring up the judgment against the defendant in attachment cannot help this record, as such judgment, if brought up, could not here be looked to or considered a part of the record, to sustain the judgment against the garnishee.—Gunn v. Howell, 27 Ala. 663, and authorities cited.

RICE, C. J., agrees with me.

WALKER, J.—I differ from my brethren, as to the necessity of reciting, in the entry of the judgment against the defendant in garnishment, the amount of the judgment against the defendant in attachment. In my opinion, the proceeding by garnishment, as the means of serving an attachment, although in some sense a distinct suit, belongs to and is a part of the record in the attachment suit. Such is the opinion indicated by this court, in Blair v. Rhodes, 5 Ala. 648. Such seems to be the necessary result of the decision, that this court would reverse a judgment in garnishment, because the record of the original attachment disclosed that the attachment was issued by one having no authority.—Flash, Hartwell & Co. v. Paul, Cook & Co., 29 Ala. 141. Such, too, seems to be the necessary result of those cases which hold, that the court will look to the evidence of indebtedness disclosed in the

garnishment proceeding, for the purpose of supporting the judgment against the defendant in attachment.—Bratton v. McGlothlen, 20 Ala. 146.

Again; this court has decided, even in a case of garnishment issued after judgment, that the defendant in garnishment might move to quash the garnishment, upon the ground that the record in the orignal cause disclosed that the judgment was satisfied.——Thompson v. Wallace, 3 Ala. 132.

It is the opinion of the entire court, that the affidavit, preliminary to the contest of the correctness of the answer, is sufficient, upon the authority of the case of Foster, Nostrand & Co. v. Walker, 2 Ala. 177. It is agreed by all the members of the court, that it was competent for the plaintiffs' attorney to make the affidavit.

The judgment is reversed, and the cause remanded.