## GOULD *vs.* MEYER.

[CERTIORARI FROM JUSTICE'S COURT.]

1. *Garnishment on judgment by justice of the peace.*—Under the provisions of the Code, (§§ 2471, 2819,) a justice of the peace has authority to issue a garnishment on a judgment rendered by him.

.2 *What constitutes record of garnishment case.*—Where a justice of the peace sends up to the circuit court, in return to a *certiorari*, the affidavit made before him to procure the issue of a garnishment on a judgment, the summons served on the garnishee, the garnishee's answer, the judgment thereon rendered against him, and a statement of the original judgment,—this is, *prima facie*, a suffi-

cient return of the proceedings had in the garnishment case; and it is incumbent on the party who objects to its sufficiency to show affirmatively that there were other proceedings.

3. *Waiver of objection by garnishee to affidavit and summons.*—After a garnishee has appeared and answered, admitting an indebtedness to the defendant, and a judgment has been thereon rendered against him, and he has transferred the cause to the circuit court by *certiorari*, he cannot there raise an objection, for the first time, either to the affidavit, or to the summons of garnishment.

4. *Waiver of right to answer anew.*—If the garnishee, after the rendition of judgment against him by the justice, removes the cause by *certiorari* into the circuit court, and there fails to appear, he cannot complain on error that he was not permitted to answer anew in the circuit court.

5. *Sufficiency of garnishee's answer.*—Where the garnishee's answer admits an indebtedness to the *defendant,* (there being two defendants to the original judgment,) and the antecedent proceedings against him show which one of the defendants is meant, this is sufficient to sustain a judgment against him as the debtor of that defendant.

6. *Answer of garnishee, and who may defend for him.*—On the failure of the garnishee to appear and claim the right to answer anew in the circuit court, his petition for the *certiorari* cannot be received and treated, on motion of his counsel, as a new answer to the garnishment; nor can his surety on the *certiorari* bond be allowed to defend for him.

7. *Judgment reversed and rendered.*—On appeal from a judgment against a garnishee, in a case removed from a justice's court by *certiorari*, an error in the amount of the judgment, which might have been corrected on motion in the circuit court, will be corrected by the appellate court, at the costs of the appellant.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

IN this case, it appears that, on the 19th June, 1858, L. H. Meyer obtained a judgment before a justice of the peace, for $50, against James Richardson and James Robertson; that on the 4th September, 1858, he sued out a garnishment on this judgment before the justice, which was served on A. Brown, as the debtor of said Robertson; that said garnishee appeared before the justice, on the 8th September, 1858, and answered under oath that he would be indebted to "defendant," on the 21st October, 1858, in the sum of $52 78; that the justice

thereon rendered judgment against the garnishee, on
said 21st October, for $50, and issued an execution on
said judgment on the 28th October, 1858; and that the
garnishee then sued out a *certiorari* and *supersedeas*, for
the purpose of removing the proceedings to the circuit
court, and superseding the execution. In answer to the
*certiorari*, the justice returned to the circuit court the affi-
davit made by the plaintiff to procure the garnishment,
the summons of garnishment served on the garnishee,
the garnishee's answer before him, a statement of the
judgment thereon rendered by him, and of the original
judgment against Richardson & Robertson, and the exe-
cution issued against the garnishee. When the cause
was called for trial in the circuit court, as the first bill
of exceptions shows, "the counsel fer the garnishee
moved the court for an *alias certiorari*, requiring the jus-
tice to certify all the proceedings had before him" in this
cause, on the ground that the papers filed did not consti-
tute a sufficient return to the *certiorari*; which motion
the court overruled, and said garnishee, by his counsel,
excepted. Said garnishee, by his counsel, then moved
the court to set aside said proceedings, and to dismiss
him, on the ground that the said justice had no jurisdic-
tion to issue said process of garnishment, because there
was no law authorizing it; which motion being overruled
by the court, the garnishee, by his counsel, excepted."

The second bill of exceptions states, "that when the
cause was called for trial, the defendant's counsel moved
the court for a continuance, on account of the absence of
the defendant, who had left the State, and for the want
of an answer to the garnishment; which motion was
overruled by the court, the showing being deemed insuffi-
cient. The defendant's counsel then moved the court
that, in the absence of the defendant to answer, the peti-
tion for a *certiorari* be allowed to stand as an answer to
the garnishment;" and produced to the court certain pa-
pers, substantiating the statements of the petition, and
tending to show that the garnishee was not indebted to
said Robertson. "The court overruled the motion, and
held that, though the garnishee might answer anew, his

answer could not be made in the manner proposed, although he was absent. The plaintiff then moved for judgment against the garnishee, and read to the court the papers on file, but offered no further proof. To this the defendant, by his counsel, objected, on the ground that the evidence was not sufficient to entitle the plaintiff to judgment; but the court overruled the motion, and rendered judgment for the plaintiff. H. N. Gould, the surety on the *certiorari* bond given by the garnishee, then made the same motion and objections on his own behalf, and insisted that, if the plaintiff sought to make him liable as such surety, he had the right to make defense on the merits in his own behalf, on the abandonment or absence of the garnishee. But the court ruled, that the surety could not thus make defense, and that the plaintiff was entitled to judgment against him; and therefore overruled said motions and objections of said surety. To all which opinions, rulings and decisions of the court, the said garnishee and his surety each severally excepted."

The appeal is sued out by Gould alone, but errors are assigned in the names of himself and Brown jointly, embracing all the rulings of the court to which exceptions were reserved.

Geo. N. Stewart, for appellant.

G. Y. Overall, *contra.*

A. J. WALKER, C. J.—Justices of the peace have authority to issue garnishments, for the collection of judgments rendered by them. Section 2471, found in chapter 20, title 1, part 3, of the Code, authorizes the issue of garnishments for the collection of judgments; but it contains provisions indicating that it was not designed to include justices of the peace. Section 2819 of the Code declares, that the provisions of the title above referred to, so far as they are applicable to suits before justices, and not contradicted by any provisions of the title in which section 2819 is found, are "in full force as to the rights of parties and to suits brought before justices." The statute authorizing the issue of garnishments upon

judgments is susceptible of application to suits before justices, and is not contradicted by any thing contained in the title which includes section 2819. We, therefore, regard that section as bestowing the same authority to issue garnishments after judgment upon justices of the peace, as is by section 2471 bestowed upon the circuit court clerks. It follows, that there was no error in the refusal of the court below to treat the garnishment proceedings before the justice of the peace as void for want of jurisdiction.

[2.] The justice of the peace, in return to the *certiorari*, sent up the affidavit made to procure the garnishment, the summons of the garnishee, with the endorsement of service upon it, the answer of the garnishee, and the execution against the garnishee, with a statement of the judgment against him, and of the original judgment against the plaintiff's debtor. The papers in the original cause did not belong to the garnishment suit. The justice transmitted the papers and statement from his docket which give a complete history of the regular and accustomed proceedings in a garnishment case before a justice of the peace.—Faulks v. Heard & Due, 31 Ala. 516. It is true, there might have been other proceedings and other papers in the cause, which it was the justice's duty to send up to the circuit court; but, if such was the case, it is not shown by the record, and we cannot presume it. The defendant excepted to the refusal of the court to award a *certiorari*, to compel the justice to certify all the proceedings before him, upon the ground that the papers filed did not constitute a sufficient return. It does not appear from the bill of exceptions, or other part of the record, that the return was incomplete; and we cannot hold that the court erred in refusing the *certiorari*. The motion for a *certiorari* had no reference to the justice's certificate, and we are not called upon to pronounce upon its sufficiency or insufficiency, as the appellant must be confined to the specific motion made by him.—Wolfe v. Parham, 18 Ala. 441.

[3.] The garnishee came in, and submitted to answer before the justice; making no objection, so far as we can

37

Gould v. Meyer.

learn, to the affidavit upon which the garnishment issued, or to the summons. A judgment was rendered against him by the justice, upon an admission of indebtedness; and he then, by *certiorari*, transferred the case to the circuit court. After these proceedings, it was too late for him to object, either to the affidavit, or to the summons.—Marston v. Carr, 16 Ala. 325; Daniel v. Hopper, 6 Ala. 296; Smith v. Chapman, 6 Port. 365; Clough v. Johnson, 9 Ala. 425; Goss v. Davis, 21 Ala. 475; Couch v. Atkinson, 32 Ala. 633.

[4.] The garnishee cannot complain on error, that he was not permitted to answer anew in the circuit court; because he never appeared and offered to answer.—Case & Pate v. Moore, 21 Ala. 758; Colman v. Waters, 3 Porter, 381. Whether the circuit court ought to have continued the cause, in order that the defendant might, at a future term, appear and answer, was a question addressed to the discretion of the circuit court; and the decision upon it is not revisable.

[5.] The answer distinctly admits, that the garnishee would be indebted, on the 21st October, 1858, the day on which the justice's judgment was rendered, in the sum of $52 78, *to the defendant.* There were two defendants in the original judgment; but there can be no doubt as to the defendant to whom the garnishee acknowledged an indebtedness, for that is clearly shown by a reference of the answer to the antecedent proceedings against the garnishee. The answer is, therefore, an admission of indebtedness at the date of the judgment, for an amount exceeding that for which judgment was rendered against the garnishee; and, by fair intendment, the indebtedness was to the defendant as whose debtor the garnishee was summoned. Such an answer fully justified the judgment rendered upon it.

[6.] We know of no law which required the court to permit the filing of the petition for a *certiorari* as an answer to the garnishment. If such a practice were established, it would destroy the statutory right to have an oral answer.—Code, § 2540. The surety on the *certiorari*

bond had obviously no right to intervene and become an active party in the proceedings against the garnishee.

[7.] The judgment of the court below against the garnishee is for too much; but the correction might have been made in the circuit court, upon motion, and will be made here, at the costs of the appellant. The judgment of the court below must be reversed, and a judgment must be here rendered for fifty dollars, with interest from the date of the justice's judgment against the garnishee, and the costs of the circuit court.