## CHAMBERS vs. YARNELL.

[GARNISHMENT ON JUDGMENT.]

1. *Form and sufficiency of judgment against garnishee.*—A judgment against a garnishee must recite the fact that the plaintiff has recovered a judgment against the defendant in attachment or execution, and must specify the amount of such judgment.

2. *Costs against garnishee and transferee.*—If a transferee of the debt admitted by the garnishee to be due to the defendant, when brought in on notice, fails to make good his claim to the debt, the costs of the contest should be taxed against him, and not against the garnishee.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. NAT. COOK.

THE appellee in this case obtained a judgment against William Leonard, at the spring term, 1857, of said circuit court; and the appellant was afterwards summoned, by process of garnishment, as the debtor of said Leonard. The record contains, 1st, the affidavit of the plaintiff's attorney, on which the garnishment was issued; 2d, the writ of garnishment; 3d, a minute-entry reciting the garnishee's appearance and answer; and, 4th, the judgment against the garnishee. The said minute-entry and judgment are in the following words:

"Daniel Yarnell *vs.* William Leonard, def't, G. A. Chambers, garnishee. This day comes the garnishee, and answers, that he is indebted to William Leonard by note for the sum of $88 27, payable to F. W. Sims, and has been informed that said note has been given up to the defendant; and that he is sued, to this term of the court, by William Leonard, Jr., a son of said defendant. It is therefore ordered by the court, that notice issue to the said William Leonard, Jr., to come into court at the next term, to contest with the plaintiff for the amount of said note."

"Daniel Yarnell *vs.* William Leonard, def't, G. A. Chambers, garnishee. Came the parties, by their attorneys; and William Leonard, Jr., dismisses his contest; and now comes the plaintiff, and asks for judgment upon the answer of the garnishee, filed at the spring term, 1858, of this court. It is therefore considered by the court, that the plaintiff recover of the said garnishee, G. A. Chambers, the sum of $102 39, the indebtedness confessed by said garnishee, together with the costs of this suit, for which let execution issue."

The errors assigned are: "1. The judgment of the circuit court is erroneous, in compelling the garnishee to pay the costs of the suit and contest, after applying the whole amount of his indebtedness to the plaintiff's claim. 2. The judgment against the garnishee is erroneous, because rendered without proof of the plaintiff's judgment against the defendant in execution."

PHILIPS & WEEMS, for appellant.

STONE, J.—The judgment in this case cannot be supported, because it fails to recite the fact and amount of the recovery against the defendant in execution. Nothing in this record, except the *ex-parte* affidavit of the attorney on which the garnishee process was sued out, shows that the plaintiff has a judgment against the elder Leonard. The record does not show enough to justify the judgment against the garnishee.—*Faulks v. Heard & Due*, 31 Ala. 516.

[2.] The judgment against the garnishee, for the costs of the collateral issue between the plaintiff and the alleged transferree, is also erroneous. The garnishee was not a party to that issue. The transferree, when brought in, was the party contesting with the plaintiff in garnishment. Hence, if he set up a claim to the debt, and failed to make it good, he was the unsuccessful party against whom judgment for costs should have been rendered.—Code, § 2554.

Judgment reversed, and cause remanded.