## RHODES, Adm'r, *vs.* McFARLAND, Adm'r.

|43  95|
|102 634|

[ASSUMPSIT ON PROMISSORY NOTES—JUDGMENT BY DEFAULT.]

1. *Judgment by default; when can not be rendered.*—It is error to render judgment by default, when the defendant, though not in proper time, has appeared by leave of court and filed his pleas.

APPEAL from the Circuit Court of Lauderdale.
Tried before the Hon. W. B. WOOD.

ASSUMPSIT by the appellee, McFarland, as administrator of Josiah Darby, deceased, against Spencer Rhodes, as administrator of Henry J. Darby, deceased, on two promissory notes made by defendant's intestate. Service was duly executed on defendant, February 25th, 1867. Pleas, "in short, by consent"—1. Payment; 2. Want of consideration; 3. Failure of consideration; 4. Confederate consideration; 5. A special plea in bar, which it is not necessary to set out; judgment by default against defendant, the court below holding, that there had been no appearance entered or pleas filed within proper time.

The bill of exceptions reads, "It is agreed by counsel that the statements of facts connected with the case should be taken as evidence in the cause, to-wit:" and concludes, "the defendant, by his counsel, excepts, and prays that this his bill of exceptions be signed and sealed, which is now done accordingly.        W. B. WOOD, [L. S.]
Judge 4th Judicial Circuit of Alabama.

There is no date showing when the bill of exceptions was signed.

The bill of exceptions then sets out the statements of the parties, who were all attorneys of the court, as to the matters connected with the filing of the pleas, as follows :

*McFarland*, plaintiff's attorney, stated, in substance, that on "9th March, 1868, court met, and the docket was regularly sounded on the 10th for judgments, and that when the

case was called, he, as plaintiff's attorney, asked for judgment, there being no appearance, and no pleas filed ; that Messrs. Posey & Patterson asked the court to stop, and consulted awhile, and concluded to make an appearance ; to which plaintiff objected, as also to their filing any pleas at that time ;" and in connection, stated to the court that he had notified Patterson, of the law firm of Posey & Patterson, more than thirty days before the court, to file his pleas, as he would be held to a strict showing, to which Patterson replied that they were Rhodes' attorneys generally, but had not been employed to defend this cause, and thereupon the court made the following entry on the court docket : " March 10th.　Plaintiff objects to defendant's filing pleas now, not having filed them heretofore, and having been notified more than thirty days previous to this term of the court ;" that the court then proceeded with the call of the docket, and the case was not again reached that term ; that on the last day of the term, to-wit : on the 21st March, 1868, he again called the court's attention to the case, and asked for a judgment, when Patterson read pleas which had been marked by the clerk, " filed March 17th, 1868 ;" the court remarked, that the case had not been regularly reached, and then adjourned.　*Irvine*, law partner of McFarland, stated that a short time after the adjournment of court, his partner, McFarland, called him to hear a conversation then going on between McFarland and Rhodes, the defendant ; that Rhodes said, in substance, that " he did not wish to defend the case, and that he had not employed counsel to do so, up to that time."

*Patterson*, of the law firm of Posey & Patterson, made substantially the same statement as McFarland about the demand for filing pleas, and about McFarland's statement on asking for a judgment, as before stated, and stated that they " then concluded to enter an appearance and let the case pass for the present, and that " *the court then entered the appearance*, and went on with the call of the docket ;" that after the appearance term, and before the trial term of said cause, Rhodes employed his firm, as attorneys generally about said administration ; that at that time Rhodes desired to defend said cause, but as many of the parties

cognizant of the facts had died, did not know how he could get at the merits of a defense, although he was satisfied that there was a good defense ; that Rhodes was advised to try and get information, and that the matter of a defense was left wholly to their discretion , that during court they sent for Rhodes; and after consultation filed pleas, which were endorsed by the clerk, as before stated. (Then follows a statement about an agreement between members of the bar, which it is not material to set out.) " This being all the evidence," the defendant moved the court, " that his pleas already on file, be received, and that he be allowed to litigate the case ; the court overruled their motion, and defendant excepted." " On motion of plaintiff the court rendered a judgment by default, against the objections of the defendant, and he excepted to the refusal of the court to receive the pleas on file, and allow a defense to be set up, and to the rendition of said judgment by default."

The appellant here assigns as error, " the refusal of the court to receive the pleas filed," and " the rendition of judgment by default against him, he having already entered an appearance, by leave of court, and having filed pleas to the merits."

The appellee moves the court " to reject the bill of exceptions, as forming no part of the record in this cause, because it is without date, or anything else, to show that it was signed either *in term time*, or within ten days thereafter, under any written agreement."

WALKER & BRICKELL, for appellant.—1. The appellant had appeared, filed pleas in bar, was present by attorney, insisting on them. The pleas had thus become a part of the record, and the court was bound to require that an issue either of fact, or of law, should be taken on them. It had no discretion, no power to disregard them, no power to declare that the defendant was in default, when the record contradicted the declaration. The court could as well have non-suited the plaintiff, or dismissed his action, as to have rendered a judgment by default against the appellant. The practice, as declared by this court, after a careful consideration of our statutes and rules, is, that

although a defendant may not have pleaded within the time prescribed by the rules, his pleas, if filed before his default is entered, can not be disregarded by the court.—*Mosely v. M. & C. R. R. Co.* 28 Ala. 536.

The plaintiff claimed a judgment by default before the pleas of defendant were filed. That claim was noted by the judge, but no judgment was rendered; the case was left open, undecided; no judgment was rendered. In the case cited, the time for pleading prescribed by the rules of court, had passed; the plaintiff, under the rules, claimed in vacation a judgment by default, which claim was entered by the clerk on the docket; at the succeeding term, the plaintiff moved the court for a judgment by default, but the defendant having in the meantime filed his pleas, this court declared the judgment erroneous. There was as much force, as near an approximation to a judgment by default, in the entry of the clerk in that case, as in the entry of the judge in this case. And the case cited, holds, also, that in this condition of the record, this court will not consider the sufficiency of the pleas filed, as that question was not passed on by the court below, and this is obviously correct; otherwise, great injustice to the appellant would result. If his pleas were insufficient, he had the right of amendment in the court below, of which he would be deprived.

2. The agreement of counsel, purporting to have been made at another court, in the absence of the counsel of appellants, to which they were not parties, is entitled to no consideration.

GOLDTHWAITE, RICE & SEMPLE, for appellee.—The bill of exceptions can not be regarded or considered by the supreme court, because it is without date or anything else to show that it was signed either *in term time,* or within ten days thereafter under any written agreement.

Under our statute, which is imperative, it is essential that it should *affirmatively appear from the record,* that the bill was signed in *term time,* or within ten days thereafter under a written agreement, signed in term time. If this does not *affirmatively appear,* the bill of exceptions must be disre-

garded by the supreme court.—*Bryant v. The State*, 36 Ala. Rep. 270.

If, however, the court should overrule the motion made to disregard the bill of exceptions, then an affirmance is claimed on the grounds set forth in the accompanying argument.

1. The legislature has power to fix the time within which parties shall plead.

2. When *it* exercises this power, the court certainly has no more dispensing power over the statute than it would have over its own rules of practice.—*Harrall v. The State*, 26 Ala. 56. It is very certain that *a suitor* has no *right* to file pleas after the time fixed by statute for filing pleas has elapsed. If pleas are filed *after that time*, it can only be done by *the grace or favor* of the opposite party, or of the court. They can not be filed *after that timr*, as *matter of right*.

3. The legislature, by the 1st section of "an act to regulate judicial proceedings," approved February 20th, 1866, did fix the time within which pleas were to be filed, in all actions like the present : "The *second term*" is, by that section, made the "appearance and *pleading term*."—Pamph. Acts of 1865–66, p. 83.

At the expiration of the "*second term*" after this suit was commenced, the defendant ceased to have *a right* to file pleas. The statute above cited, by setting down *the term* for pleading, negatived *the right* to file pleas afterwards. From the language used, a bar by lapse of time, must be *implied* ; or the statute is merely useless and vain in mentioning the "*pleading* term." Such a bar may be *implied*. *Hollinger v. Holly*, 8 Ala. 459.

Such a bar must be implied from the statute above cited, for the very reason given in the case last cited, to-wit : "for the chief object of the enactment would be frustrated," if defendants can, after the second (pleading) term, file pleas as *matter of right*. This construction is demanded by that well known rule of interpretation which requires the courts, if possible, to allow some effect or operation to every clause and *word* of the statute.—*Spivey v. The State*, 26 Ala. 90.

The words of the statute are, " the second term (*shall be deemed and held*) an appearance *and pleading term*." To hold, that defendants have *the right* to file pleas *after* the second term, as well as *at and during* that term, is to deny effect and operation to the plain words of the statute. And it is too clear for argument, that this statute can not be varied or controlled by any *rule of practice* established *prior to* the enactment of this statute.—*Harrell v. The State*, 27 Ala. 56.

Perhaps the court, *in the exercise of its discretion*, as *matter of grace and favor*, might *grant leave* to a defendant to file pleas after the second term. But the refusal to grant such leave or to exercise such discretion, is clearly not revisable.

The court committed no reversible error, unless it denied to the defendant *a right given to him by law ;* unless it withheld from him what the court was "*bound*" (by law) to accord him.—*McCargo v. Crutcher*, 27 Ala. 172.

According to numerous decisions of our supreme court, the refusal of the court to allow the defendant the benefit of pleas filed *after the second term*, after *his right* to plead was lost by lapse of time, is not a reversible error.

The appellee is entitled to an affirmance upon what is above set forth. He is also entitled to an affirmance upon another and distinct ground, to-wit : that the pleas of the defendant were bad, and *might have been stricken out on motion, or* adjudged bad on demurrer, and, therefore, he was not prejudiced by their rejection, (which certainly is not more than striking them out on motion.)—*Ellison v. Mounts*, 12 Ala. 472.

The pleas purport to be " *in short by consent*." But the proof is clear, that there was *no consent of any kind*, by the plaintiff. The consent being thus disproved, the first four pleas are evidently not pleas, but nullities. The mere word " payment" is not a plea, but can only be allowed the effect of a plea by the consent of the plaintiff. And so with the mere words found in the second, third and fourth pretended pleas. As to the fith plea, it is clearly no answer or bar to the entire action. Manifestly it is no set-off against the present plaintiff. It shows nothing

upon which the defendant could recover against the plaintiff in any court of law.

B. F. SAFFOLD, J.—The question, presented by the bill of exceptions, is, whether a judgment by default can be rendered, when the defendant has appeared, by leave of the court, and filed his pleas, though not in the proper time. The law prescribes the time within which pleas shall be filed, but it is within the province of the court, by rules of practice, to direct in what manner the omission to do so may be taken advantage of, or cured, so as to subserve the ends of justice.

The ninth rule of practice in the circuit court provides that " defaults may be entered on the docket in vacation, which shall relate to the preceding term, and advantage thereof may be claimed at the next term."—Revised Code, p. 820. When this is done, the party claiming the benefit shall not be bound to receive any plea or pleading of the party so in default. But the court, on timely application, may set this judgment aside, on affidavit showing merits and sufficient matter of excuse. If, however, before the default is entered, either in term time, or in vacation, the defendant appears and files his pleas, he has a right to be heard on the merits of his case.— *Woosley v. Memphis & Charleston R. R. Co.* 28 Ala. 536. At the time the judgment by default was rendered in this case, the defendant was in court by his attorney, by leave of the court, and his pleas were on file. It was not in the power of the court to ignore them. The rules of practice, though necessary for the proper transaction of business, should be strictly construed when they tend to preclude a trial on the merits of a cause.

The motion to dismiss the bill of exceptions, because it does not appear that it was signed in term time, or within ten days thereafter by a written agreement, is overruled, because we think it does appear from the transcript that it was signed during the term.

For the error of the court in rendering the judgment by default, the judgment is reversed, and the cause remanded.