# *Ex parte* Heflin.

*Application for Certiorari, Mandamus or other Remedial Writ.*

1. *Corporation; what sufficiently shows proceeding in the name of.*—A petition for rehearing will not be treated as the petition of the president of a corporation, merely because it is stated in the affidavit, that the person verifying it, is the acting president of the corporation, and the petition begins with the statement, "that the undersigned, F. P. R., respectfully represents that he is president of the R. M. M. & L. Company," when all its averments relate solely to grievances suffered by the corporation, a judgment against which, is prayed to be set aside, &c.

2. *Rehearing under statute; when should be granted.*—Where a meritorious defense is shown, a rehearing, under the statute, should be granted, if it appears that the defendant, a corporation, had duly filed pleas to the merits, and its president remained in attendance upon the court, until the presiding judge announced, that after disposing of the case on trial, all other litigated cases would be continued for the term; whereupon the president left for his home, some distance in the country, and shortly afterwards, the case was called up, in his absence, and judgment by default taken, as though it was not litigated. This shows both "surprise" and "mistake," without fault on the part of petitioner, which prevented the making of defense.

THIS was an application for *certiorari, mandamus,* or other remedial writ, to vacate and quash certain proceedings, before the judge of the tenth judicial circuit (Hon. JOHN HENDERSON,) wherein, on petition, under the statute for rehearing, a *supersedeas, &c.,* was granted in the case of *Heflin v. The Rock Mills Manufacturing & Lumber Company.*

The petition commences as follows: "The undersigned, Fountain P. Randle, a citizen of Randolph county, in said State, respectfully represents unto your Honor that he is president of the Rock Mills Manufacturing and Lumber Company, and that the business place of said company is in Randolph county." The petition then shows that Heflin commenced suit, returnable to the last term of the circuit court, against the company for services alleged in the complaint to have been rendered, as attorney, to the company at its request. The company duly filed its plea to the merits, and its president was in attendance upon the court, until the court decided to take up the case of *Amos v. Jenkins,* when the presiding judge announced that all other litigated cases on the civil docket would stand continued, and thereupon "on account of said announcement, your petitioner left court and went to his home some eighteen miles away, under the firm belief that the cause of *Heflin v. The Rock Mills Manufacturing and Lumber Company,* would be, or was

continued, under the announcement made by your Honor that all litigated cases would stand continued." Afterwards, Heflin called up the case, took judgment by default, with a writ of inquiry, which was then executed, and judgment rendered accordingly.

The petition denies that Heflin ever rendered any services to the company at its request, or at the instance of any one authorized to bind it, and states that in fact the services were not rendered to the company at all, but to one Stephens (since deceased,) who employed Heflin, under the following circumstances: Stephens sold some lands to the Rock Mills Manufacturing and Lumber Company, and "gave a warrantee deed." Reeves and others brought suit in equity to recover the lands, and for account of rents, &c., and Stephens undertook to defend for the company. The petition contained affidavits from the wife of Stephens and one Shearman, as to the truth of its statements in this regard.

After showing that petitioner was greatly surprised, &c., the petition concludes: "He therefore prays your Honor to grant to the Rock Mills Manufacturing and Lumber Company a rehearing, and that your Honor cause a *supersedeas* to issue," and to "grant him as president of the Rock Mills Manufacturing and Lumber Company, such other and further relief as he may be entitled to," &c.

The petition is sworn to by Fountain P. Randle, who is stated in the affidavit to be acting president of the Rock Mills Manufacturing and Lumber Company, who swears "that the facts set forth in the foregoing petition, when stated of his own knowledge are true, and when stated on information and belief, he believes them to be true."

Heflin having been served with notice, appeared before the circuit judge at Chambers, and "moved said judge to reject the petition and refuse to grant its prayer." 1st. Because the petition is not in the name of the defendant in the judgment. 2d. Because it is the petition of one Fountain P. Randle, who describes himself as the president of the Rock Mills Manufacturing and Lumber Company, 3d. Because the affidavit does not set forth that the "statements set forth," &c., are true, &c., but only that the "facts" are true. 4th. Because it does not appear from the petition, that the defendant in the judgment had summoned any witnesses, or made preparation to defend said suit. 5th. Because the petition does not show that Randle was president of the corporation, when the matters detailed in the petition occurred.

The circuit judge overruled the motion, and Heflin asked leave to demur on the grounds above set forth, which the

[Ex parte Heflin.]

court refused, and Heflin excepted; and thereupon the circuit judge made an order of *supersedeas*, &c. Heflin reserved a bill of exceptions showing the foregoing facts, and upon it, bases his present application to this court.

JOHN T. HEFLIN, *pro se.*—The proceedings on rehearing constitute a suit, and the rules determining who are proper parties in suits, must determine who are proper parties here. *Shearer v. Boyd*, 10 Ala. 279; *Edwards v. Lewis*, 16 Ala. 813. The judgment being against the corporation the *supersedeas* and petition for rehearing should be in the name of the corporation. The petition is filed in the name of the president, and the corporation is not a party to it.—*Maurey v. Motz*, 4 Iredell (Equity) 195; Brown's Parties to Actions, 155 (45 Law Library, 115); *Fowlkes v. Memphis & Charleston Rail Road Company*, 38 Ala. 310. The granting of the *supersedeas* being without authority, *mandamus* is the remedy.—*Ex parte North*, 49 Ala. 385; *Fuller v. Boggs*, 49 Ala. 127.

SMITH & SMITH, *contra.*—The proceeding is in its nature equitable, and the same strictness of pleading is not requisite as in cases at law proper. The petition asks a rehearing in the case *against the corporation;* the president asks no relief for himself. He states no facts on which he could ask anything individually. The corporation itself can not be "surprised," neither can it make affidavit. Its officers can alone act for it, and they may be "surprised," and can make oath. The affidavit to the petition could only have been made by some officer of the corporation, and it plainly shows that it is the corporation which is seeking relief. The statute does not require that the defendant should be the petitioner.—R. C. §§ 2814-15.

STONE. J.—When this cause first come before us, we thought the petition was insufficient; and, for that reason, we awarded a *mandamus nisi.* The point argued before us is, that the petition is not filed in the name of the defendant to the judgment. We now think this point not well taken. The petition sets forth that a judgment was recovered by John T. Heflin against the Rock Mills Manufacturing and Lumber Company, which is a corporation. Corporations can not make oaths. Hence, whenever it becomes necessary, in judicial proceedings by or against corporations, for affidavits to be made to pleadings or otherwise, some officer of the corporation, or some agent cognizant of the facts, must necessarily make the affidavit. To hold otherwise would

greatly embarrass corporations in the conduct of litigation. *Griffin v. State Bank*, 17 Ala. 258; *Br. Bank v. Coleman*, 20 Ala. 140. The first sentence of the petition, it is true, sets forth that Fountain P. Randle is president of the Rock Mills Manufacturing and Lumber Company. It does no more. Randle verified the petition. This he should have done. All the averments of the petition set forth grievances done to and suffered by the corporation; and the prayer is that the circuit judge "grant to the Rock Mills Manufacturing and Lumber Company a rehearing," &c. We hold the petition sufficient.

The averments of fact in the petition were not controverted before the circuit judge. *Prima facie* they are sufficient to authorize a rehearing under sections 2814-15 of the Revised Code. If true, the defendant in the circuit court had a defense to the action, which it was prevented from making both by surprise and mistake, and without fault on its part. The presiding judge had announced from the bench, that no other litigated cause would be tried during the term. This case was litigated; for a plea to the merits had been filed in the cause. The agent and attorney of the defendant were justified in leaving the court under this announcement, and did not thereby incur any imputation of fault or neglect. The surprise and mistake are shown in the fact, that although the judge had announced that no other litigated cause would be tried, and thereby induced the agent and attorney to leave the court; and although there was filed in the cause a plea to the merits, in bar of the whole action; yet, by mistake, as we suppose, both the counsel for plaintiff and the court proceeded to try the cause as undefended; and a judgment was rendered against the defendant by default. Had it been known that such plea was on file, the court, after the announcement previously made, would not have felt authorized to take up the cause for trial; and certainly would not have rendered judgment by default, when a material issue had been formed.— *Woosley v. M. & C. Railroad*, 28 Ala. 536; *Rhodes v. McFarland*, 43 Ala. 95; *Thomas v. Brown*, 1 Stew. 412; *Crow v. Decatur Bank*, 5 Ala. 249.

We can not anticipate what will, or should be the disposition of the application for a rehearing, if the averments of the petition be controverted under the last clause of section 2815 Revised Code.

The writ of *mandamus* is refused, and the rule heretofore granted discharged, at the costs of said John T. Heflin.