# Lehman, Durr & Co. *v.* Hudmon Bros.

*Garnishment on Judgment; Appeal from Justice's Court.*

1. *Proceedings against garnishee, on appeal from justice's court.*— When the answer of garnishees is contested before a justice of the peace, and they appeal from the judgment rendered against them on the trial of the contest, the plaintiff can not take judgment by default against them in the Circuit Court, without first tendering an issue anew in that court; but, if such issue is there tendered by affidavit contesting their answer, and they fail to appear, judgment by default may be entered against them, and plaintiff's damages assessed on writ of inquiry, not exceeding the amount of his judgment against the original debtor.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. JAMES W. LAPSLEY.

The appellees in this case, Hudmon Brothers & Co., obtained a judgment on the 4th August, 1883, before a justice of the peace in said county, against Lewis S. Driver, for $100, with costs; and thereupon sued out a garnishment against Lehman, Durr & Co., as the debtors of said Driver.

The garnishees appeared, and filed an answer, by John W. Durr, one of their partners, denying any indebtedness or liability whatever; but their answer was contested, and on demurrer sustained to two pleas filed by them, judgment was rendered against them by the justice. From this judgment the garnishees sued out an appeal to the Circuit Court, and judgment by default was there rendered against them, on the 29th October, 1884; but that judgment was reversed by this court on appeal, at their instance, and the cause remanded.—79 Ala. 532. At the next ensuing term after the reversal and remandment, and on the first day of the term, which was the 3d October, 1887, the plaintiffs tendered an issue in writing, contesting the answer of the garnishees, and alleging that they were indebted to L. S. Driver in the sum of $200 at the time the garnishment was served on them; and on the same day they took a judgment by default against the garnishees, with writ of inquiry, and judgment final, on the execution of the writ, on verdict for $100, with costs. This judgment is now assigned as error.

RICE & WILEY, for appellants.

F. L. SMITH, *contra.*

SOMERVILLE, J.—There is, in our opinion, no error in the judgment rendered against the garnishees. The case stood for trial *de novo* before the Circuit Court, on appeal from the justice's court. The plaintiffs had controverted the answer of the garnishees, which denied the fact of indebtedness to the defendant; and an issue was thereupon made up under the direction of the court, as required by the statute, which was properly tried by a jury.—Code, 1886, §§ 2981–2982.

The garnishees having failed to appear and support the truth of their answer, the plaintiff was entitled to claim a judgment by default against them, such as the record shows was taken. A garnishee who is negligent, can claim no more favor at the hands of the courts, nor is he entitled to greater protection, than any other negligent party. He is required to use the same diligence in protecting himself against an improper judgment, that is exacted of other defendants. If he fails to do so, he is without relief.—Drake on Attach. (6th Ed.), § 658e. But the court, notwithstanding, properly proceeded to try the issue of indebtedness *vel non* before the jury, which issue was found against the garnishees, and in

[Perkerson v. Snodgrass.]

favor of the plaintiff. In the absence of any bill of exceptions showing the evidence introduced, and the rulings of the court on the trial, we must presume that this judgment was fully authorized by the facts, and that the answer was not sustained.—Code, § 2983.

The garnishees, having filed their written answer in the justice's court, had the right to make additional answer, had they appeared at the trial in the Circuit Court, and claimed the privilege. But they were in default, failing to appear for any purpose. They can not now complain that the Circuit Court allowed the plaintiffs to proceed to trial, without continuing the cause in order that they might appear and make further answer at the next term. This was entirely discretionary with the court, and its decision in the matter is not revisable.—*Gould v. Meyer*, 36 Ala. 565; *Pate v. Moore*, 21 Ala. 758.

So far as we can see, the plaintiffs in the court below appear to have followed the statutory requirements regulating the trial of contests of garnishees' answers, and to have avoided the errors pointed out by us on the last appeal in the case—*Lehman, Durr & Co. v. Hudmon Bros.*, 79 Ala. 532; Code, 1886, §§ 2981–2983.

Affirmed.