# Jones v. Manier & Son.

### *Garnishment Suit.*

1. *Answer of garnishee; must be shown by bill of exceptions; judgment on appeal.*—The answer of a garnishee is no part of a record proper; and a judgment against a garnishee, based on his answer, will not be disturbed on appeal, but will be presumed to be correct, if there is no bill of exceptions containing the answer and showing affirmatively that a judgment was not authorized.

2. *Judgment against garnishee; recital of judgment against defendant.* A garnishment on a judgment being consequential and auxiliary only, a final judgment against a garnishee must recite the fact and amount of the judgment against the original defendant.

APPEAL from the Circuit Court of Pickens.
Tried before the Hon. S. H. SPROTT.
The facts of the case are sufficiently stated in the opinion.

M. L. STANSEL, for appellant, cited *Jones v. Crews*, 64 Ala. 368; *Alexander v. Pollock & Co.*, 72 Ala. 137; 4 Stewart & Porter, 184; *Tillinghast v. Johnson*, 5 Ala. 514; *Cleaveland v. State*, 34 Ala. 254; 1 Brick. Dig. 173, § 276;

[Jones v. Manier & Son.]

*Liddell v. Chidester*, 84 Ala. 508; *Berringer v. Payne*, 68 Ala. 154.

E. D. WILLETT and JOHNSON & CURRY, *contra.*

COLEMAN, J.—In June, 1889, Manier & Son sued out process of garnishment upon a judgment previously recovered by them against L. P. Coleman and A. H. Coleman, and Winston Jones was summoned as garnishee. The garnishment case was continued for several terms. At the spring term, 1892, the garnishee was discharged as to the defendant, L. P. Coleman. The judgment then proceeds as follows : "and it having been shown to the court that the said garnishee has filed his answer in which he says he is indebted to defendant A. H. Coleman in the sum of $108.21, it is considered and it is the judgment of the court that the said plaintiffs, James W. Manier & Son recover of the said garnishee, Winston Jones, on his answer as aforesaid, the sum of $108.21, for which execution may issue, and it is further ordered that the garnishee be required to answer orally at the next term of this court, and cause continued." It will be seen that the garnishee was not discharged, but was required to answer further. This judgment of the court was not appealed from. At the fall term, 1892, the following judgment was rendered in the same cause : "Comes the plaintiffs by attorney, and it appearing to the court that the said garnishee has filed his answer, in which he says that he is indebted to the defendant A. H. Coleman in the sum of one hundred and forty-six 25–100 dollars, it is, therefore, considered, and it is the judgment of the court, that the said plaintiffs do have and recover of the said garnishee, Winston Jones, on his answer as aforesaid, the sum of one hundred forty-six and 25–100 dollars for which let execution issue." The present appeal is prosecuted from this last judgment.

There are but two assignments of error, and we do not feel called upon to consider any others. The first is, that there was "a splitting of the cause of action, a previous judgment having been rendered against him." The second is : "The court erred in rendering the judgment without notice to M. M. Coleman, the garnishor, disclosed in his answer as required by statute," &c.

[*Jones v. Manier & Son.*]

We have stated that the present appeal is prosecuted alone from the last judgment rendered at the fall term, 1892. There is no bill of exceptions in the record, and no exception reserved to any ruling of the court. An answer of a garnishee is not a part of the record proper, and cannot be considered on appeal unless made a part of the record by bill of exceptions. This was expressly ruled in the case of *Bostwick & Kirkland v. Beach*, 18 Ala. 80, and in numerous others. We do not say that the answer of a garnishee could not be so identified by a decree or judgment recital, as to make such answer a part of the record, but that question is not before us.— *Bland v. Bowie*, 53 Ala. 152.

Neither is the judgment at a previous term any proper part of the judgment appealed from. The questions presented by the assignments of error are such as could be raised by bill of exceptions only. We would not be understood as holding that separate judgments can not be rendered as in the present case against a garnishee. If a garnishee answers at one term of the court that he is indebted to the defendant debtor in a certain sum, and has claims from which something may yet be realized, a judgment may be rendered against him for the amount admitted to be due, and certainly if he makes no objection, and the cause may be continued for further answer. If at a subsequent term he admits further indebtedness, or further money in hand, the former judgment cannot be a bar to a subsequent judgment, and especially if not pleaded. There is an irregularity in the judgment appealed from in not specifying the amount of the judgment against the debtor, amendable perhaps *nunc pro tunc* in the trial court, but no assignment of error having been made on the ground of such irregularity we will not consider it. See the following authorities :— *Whorley v. Memphis & Charleston R. R. Co.*, 72 Ala. 20 ; *Chambers v. Yarnell*, 37 Ala. 400 ; *Faulks v. Heard*, 31 Ala. 516.

Affirmed.