# O'Connor & Co. *v.* Levystein.

### *Garnishment Proceeding.*

1. *Garnishment; when error to render final judgment against garnishee for want of answer.*—In a garnishment proceeding it is error for the court, at the term the cause is heard, to render final judgment against the garnishee for failing to make answer; since, under the statute, (Code, § 2195), if the plaintiff was entitled to any judgment against the garnishee, it was only a judgment *nisi,* which was to be made absolute and final unless he appeared within the first three days of the next term and answered.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellee, I. Levystein, recovered a judgment against J. F. Jones, and thereupon sued out a writ of garnishment which was served upon the appellants, J. P. O'Connor & Co.

The proceedings in the present case, as shown on appeal, were had upon the contest of a claim of exemptions interposed by the defendant, which contest was instituted in a justice of the peace court.

From a judgment in said court an appeal was taken to the city court. The other facts of the case are sufficiently stated in the opinion.

The judgment entry in the city court, after setting out that a judgment had been recovered by the plaintiff against the defendant, then proceeds as follows: "Now upon motion of the plaintiff the garnishee failing to answer orally in the presence of this court, and it appearing to the court that notice was duly served upon the said garnishee in the court below, that the plaintiff would require the garnishee to answer orally in the presence of this court. And after consideration it is considered and ordered by the court and it is the judgment of the court,

[O'Connor & Co. v. Levystein.]

that judgment be and the same is hereby rendered for
the plaintiff and against the garnishee for the sum of
seventy and 11-100 ($70.11) dollars," etc.

From this judgment the garnishee appeals, and assigns
the rendition thereof as error.

WM. TEMPLE SEIBELS and DANIEL W. TROY, for appel-
lant.—The judgment was void for the reason that final
judgment cannot be taken against a garnishee who has
not answered unless the record discloses a conditional
judgment or judgment *nisi* rendered against him.—*Good-
huc v. Holcomb and Wife*, 37 Ala. 94; *Wood v. Russell*,
22 Ala. 645; *Morris v. Russell*, 20 Ala. 357; 3 Mayfield's
Dig. 913, and cases cited; *Decatur v. Crass*, 97 Ala. 519.

THOS. W. MARTIN, *contra.*—On appeal from the jus-
tice court to the circuit or city court a garnishee has the
privilege of answering over or of answering further if he
so desires; and he will be held to have waived this privi-
lege if he does not claim it by offering to make further
answer. And if he does not claim it, a judgment final
may be rendered against him and it is not necessary to
first render a judgment *nisi.*—*Case v. Moore*, 21 Ala.
758; *Gaines v. Bierne*, 3 Ala. 114; *Bostwick v. Kirkland*,
18 Ala. 80; *Gould v. Meyer*, 36 Ala. 565; *Lehman Durr
& Co. v. Hudmon*, 85 Ala. 135.

TYSON, J.—This cause originated in a justice court.
It appears that the plaintiff having recovered a judg-
ment against Jones for $58.65 and $5.60 costs, caused a
writ of garnishment to issue and be served upon J. P.
O'Connor & Co. Jones interposed his claim of exemp-
tion to the money which upon a contest was held by the
justice to be invalid. Thereupon Jones filed another
claim of exemption which the plaintiff moved to strike
and also moved for judgment against the garnishee not-
withstanding the claim of exemptions. It will here be
noted that the record shows that the garnishee had an-
swered the writ of garnishment before these motions were
heard. The justice overruled both motions, held the

claim of exemptions valid and discharged the garnishee. Thereupon the plaintiff appealed to the city court. It will thus be seen that one of the issues to be tried and determined by the city court was the validity *vel non* of the claim of exemptions.

It is entirely clear that unless the levy made by the service of the writ of garnishment was upon property that could be subjected to the plaintiff's debt, no judgment could be rendered in his favor against the garnishee. No matter what the answer of the garnishee was, the claim of exemptions was a barrier in the way of the plaintiff which prevented his obtaining a judgment against the garnishee, until it was disposed of. And in the matter of its disposition the plaintiff was the actor; and until it was gotten rid of by some ruling of the court, we know of no way by which a judgment could be rendered against the garnishee. The judgment rendered by the city court shows no disposition of the claim of exemption and, therefore, no right by the plaintiff to recover against the garnishee. The principle we have declared is analogous to the one allowed to control in the following cases, to-wit: *Lehman, Durr & Co. v. Hudmon,* 79 Ala. 532; *Crow v. The Decatur Bank,* 5 Ala. 249; *McCoy v. Harrell,* 40 Ala. 232; 11 Ency. Pl. & Pr. 865, and cases cited in note 6.

The other members of the court, without committing themselves to the propositions above, entertain the opinion that the court erred in rendering final judgment against the garnishee for the want of an answer. Under the statute, if the plaintiff was entitled to any judgment against the garnishee, it was only a judgment *nisi.*—§ 2195 of Code.

The cases of *Case v. Moore,* 21 Ala. 758, and *Lehman, Durr & Co. v. Hudmon,* 85 Ala. 135, relied upon by appellee's counsel as sustaining a contrary view, have no application here. In those cases the judgment was against the garnishee in the justice court, and the appeal was by him to the circuit court.

Reversed and remanded.