# WOOSLEY *vs.* MEMPHIS AND CHARLESTON RAIL-ROAD COMPANY.

[JUDGMENT BY DEFAULT AGAINST DELINQUENT STOCKHOLDER IN RAILROAD CO.]

1. *When office judgment for want of plea may be entered.*—Under the provisions of the Code, in connection with the rules of practice in the circuit courts, (Code, §§ 2258–60; App. 714, 9th and 10th rules,) if the defendant fails to plead within the prescribed time, the plaintiff may have the default entered on the docket in vacation, at any time before pleas are filed, and claim the benefit thereof at the ensuing term of the court; but the defendant may plead at any time before the default is entered against him.

2. *What is sufficient entry of office judgment.*—An entry on the docket, in vacation, after the time for pleading has expired, in these words, "Plaintiff claims judgment against defendant for want of a plea," signed by the plaintiff's attorneys, with the date attached, and attested by the clerk, is not a sufficient entry of the default; nor is it sufficient to sustain a judgment by default at the ensuing term, after pleas are filed, although proof is made to the court that no pleas were filed when it was entered.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. THOMAS A. WALKER.

This action was brought by the appellee, to recover of William Woosley, the appellant, the amount of his unpaid subscription to the capital stock of said railroad company. The summons was issued on the 5th September, 1854, and was returnable to the ensuing September term of the court; but the summons was not executed twenty days before the return day, and the cause therefore stood for trial at the next term. At the March term, 1855, a judgment by default was rendered against the defendant, who was present by his attorneys, and excepted to the rulings of the court; and the

rendition of this judgment is one of the matters now assigned as error.

" On the trial of the cause", as the bill of exceptions states, " the plaintiff read to the court an entry on the appearance docket, opposite to this cause, of a writing made and signed by plaintiff's attorneys, and attested by the clerk, in the following words and figures : ' Plaintiff claims judgment against defendant for want of a plea, Nov. 7, 1854'; and then showed that no plea had been filed in the cause at the time plaintiff claimed said office judgment; and now moves the court to confirm said office judgment, and to render judgment final. This motion the defendant opposed, and showed that he had filed pleas in this cause on the 29th day of January, 1855, and that they are still on file. But the court overruled defendant's said objection, and rendered judgment by default against him; saying, that if defendant desired it, he would hereafter be heard, on motion, founded on affidavit of merits and sufficient excuse, to set aside said judgment. The defendant then moved the court to set aside said judgment, but did not produce or offer any affidavit whatever; which motion was overruled by the court. To these decisions of the court, in overruling the defendant's objection and motion, and in confirming said office judgment, the defendant excepted."

Robinson & Jones, for the appellant, contended that the judgment by default could not be sustained, because,—

1. The defendant had filed his pleas, which were still on file and undisposed of, and he was present, by his attorneys, insisting on them. The pleas had thus become a part of the record, and the court was bound to notice and dispose of them; it could not disregard them, or render a judgment by default until they were disposed of.

2. The office judgment is no answer to this. There is no provision in the Code which authorizes such judgments; the old statute (Clay's Digest, 325, § 72) not having been carried into the Code. The 9th rule of practice authorizes defaults to be entered on the docket in vacation, which shall relate to the preceding term, and of which advantage may be taken at the succeeding term. But the entry in this case cannot be sustained, either as an office judgment, or as an entry of

35

default; because it is the mere act of the plaintiff's attorney, and not the act of the clerk. The rule does not say that the plaintiff may claim a judgment, but that a default may be entered. The entry must show that the default exists, and specify all the elements of a default; such as, that the time for pleading has expired, that no plea has been filed, and that the plaintiff claims the default for want of a plea. The remedy is entirely statutory, and must be strictly pursued; and the record itself must show every requisite to sustain the jurisdiction.—Bettis v. Taylor, 8 Porter, 564; Curry v. Bank of Mobile, 8 *ib.* 372; Zurcher v. Magee, 2 Ala. 253; 1 Stew. & P. 187. The entry, if good at all, must have been good when made, and cannot be aided by proof subsequently offered.

3. If the entry were valid, either as an office judgment or as an entry of default, it was wholly inoperative until confirmed by the court.—Jones v. Merrill, 1 Ala. 217. Therefore, the defendant was not precluded from filing his pleas, and the court had the power, at least, to leave them on file; and the ends of justice required that it should be done. No injustice could be done by allowing the pleas, while their rejection might work irreparable injury.

C. C. & J. W. CLAY, *contra,* made these points:

1. The defendant having failed to plead within the time enlarged by the order of the court, the plaintiff entered the default on the docket, and claimed advantage of it at the next term. This was authorized by the 9th rule of practice; and the court, therefore, properly confirmed the office judgment, notwithstanding the defendant's objection and motion to set it aside.—Sally v. Gooden, 5 Ala. 78; 1 Arch. Prac. 134, 136.

2. The refusal to set aside the judgment by default is not revisable on error.—5 Ala. 80; 2 Arch. Prac. 30; Ewing v. Peck & Clark, 17 Ala. R. 341; Acre v. Ross, 3 Stew. 288; Hogan v. Alston, 9 Ala. R. 627; 1 Caines, 6, 120; 4 How. (Miss.) 282; 6 Johns. 130; 1 Barbour, 31; 10 Peters, 286; 21 Wendell, 51; 9 Porter, 235; 11 Ala. R. 272; 14 *ib.* 227; 18 *ib.* 93; 25 *ib.* 330.

3. The pleas were irregularly filed, and the court was not

bound to notice them.—Appendix to Code, 715, 10th rule; Flanders v. Whittaker, 13 Illinois, 707.

WALKER, J.—We think the fair construction of this bill of exceptions is, that the judgment by default was predicated upon the facts set forth in the bill of exceptions; and it has been so treated in the argument of counsel. At the time when the judgment by default was rendered, the defendant's pleas were on file, and he was in court, by his attorneys, opposing it; and the judgment was therefore erroneous, unless it was authorized by our statute and rules of practice.

Sections 2258, 2259, and 2260 of the Code prescribe the time within which the defendant is required to plead. The rules of practice contain the following provisions: "Defaults may be entered on the docket in vacation, which shall relate to the preceding term, and advantage thereof may be claimed at the next term." "After a default has been duly entered, the party claiming the benefit thereof shall not be bound to receive any plea or pleading of the party so in default."— Appendix to the Code, p. 714, §§ 9, 10.

Under the sections of the Code referred to, and the rules of practice above copied, a plaintiff may, during vacation, have the default of the defendant, who has not pleaded, (the time for him to plead having passed,) entered upon the docket; and he will not be bound, without an order of court, to receive a plea at the next term of the court, provided he then claims the advantage of the default entered in vacation. If, then, the default of the defendant in this case was entered in the manner contemplated by the rules of practice, it is clear that the court did not err in rendering the judgment by default; for, at the time when it is alleged default was claimed, the defendant had not pleaded, and the time for him to plead, even as extended by an order of court, had passed. If the default was not entered in vacation, as contemplated in the rules of practice, then the judgment by default was erroneous; because the defendant pleaded, before the judgment by default was rendered. We think that the effect of the statute and rules of practice, when construed in reference to each other, is, that a defendant may plead at any time before the default is entered; and, on the other hand, the

plaintiff may have the default entered in vacation, at any time after the failure of the defendant to plead within the time prescribed by law, and before pleas are filed.

That which is considered the entry of a default in vacation, is a writing upon the docket of the cause of the preceding term, in the following words: "Plaintiff claims judgment against defendant for want of a plea, Nov. 7, 1854", which is signed by the counsel of the plaintiff, and attested by the clerk. Conceding, for the purpose of the argument, that the entry upon the docket, which is copied above, is, although signed by the plaintiff's attorneys, made the act of the clerk by his attestation of it, it is clear that the words themselves do not amount to the entry of a default. The entry is not that a default had taken place, or that the defendant had failed to plead, but that plaintiff claimed judgment for want of a plea. The entry is a statement of the claim set up by the plaintiff, and not of the fact that there existed a default. It is true that it was shown to the court, at the time when the judgment by default was rendered, that the defendant had not pleaded when the entry was made upon the docket; but that can not sustain the judgment, because it is only the fact that an entry of the default was made before the defendant had pleaded which will authorize a judgment by default after pleas are filed. The entire proceeding is statutory, and must be in strict conformity to the statute and rules of practice, under which it is had.—Curry v. Bank of Mobile, 8 Porter, 372.

After the judgment by default was rendered, a writ of inquiry was executed, and many questions upon the introduction of evidence were raised, and several questions were also raised upon a motion in arrest of judgment; upon all of which assignments of error are based. We are not at all certain that, upon another trial of the cause, the same questions will arise; and we do not now deem it necessary, or proper, to pass upon them. The pleas of the defendant were not passed upon by the court below, and were not regarded or treated as pleas in the cause. The sufficiency of those pleas is therefore not a question before us.

For the error of the court below in rendering the judgment by default, its judgment is reversed, and the cause is remanded.