## Wagnon *v.* Turner.

*Action for Damages for Cutting Timber off Plaintiff's Lands.*

73 197
96 402
97 512
73 197
102 634

1. *Plea to jurisdiction of justice of the peace; when frivolous.*—In an action for damages for cutting timber off plaintiff's lands, commenced before a justice of the peace, in which the amount of damages claimed is not stated in the summons, but is stated in a complaint filed to be fifty dollars, a plea to the jurisdiction, on the ground that the damages claimed exceed fifty dollars, is frivolous, and, on appeal to the circuit court, may be disregarded or stricken from the file.

2. *Right of defendant to plead to the merits; effect of refusal.*—It is the right of every defendant in a civil case to plead to the merits at any time before a judgment by default or *nil dicit* is entered against him; and a refusal of this right by the primary court, on leave asked to plead, is a reversible error.

3. *When rendition of judgment by default or nil dicit error.*—In an action for damages for cutting timber off plaintiff's lands, it is error for the court to render judgment by default or *nil dicit*, without the intervention of a jury to assess the plaintiff's damages.

APPEAL from Etowah Circuit Court.

Tried before Hon. LE ROY F. BOX.

This suit was commenced before a justice of the peace, and was brought by R. F. Turner against Peter Wagnon, to recover, as shown by the complaint, fifty dollars as damages for the wrongful cutting of certain timbers off plaintiff's lands by the defendant. The summons commands the defendant to appear and "answer the complaint of R. F. Turner in a plea of damages, not exceeding one hundred dollars." A plea to the jurisdiction was filed by the defendant before the justice, on the ground that the plaintiff sued to recover "a sum in damages over fifty dollars." A judgment for the plaintiff having been entered by the justice for $25 and costs, the defendant removed the cause by *certiorari* to the circuit court. In that court the plaintiff, several terms after the cause was removed, and after several continuances had been entered, obtained a judgment *nil dicit* for fifty dollars, without the intervention of a jury to assess the damages, from which the defendant ap-

pealed. No bill of exceptions was taken in the circuit court. The judgment entry recites, that the parties came by their attorneys, "and this cause being regularly reached and called for trial, the defendant proposed to go to trial on the plea to the jurisdiction of the justice's court, and asked leave to file a plea of not guilty, which motion the court refused to allow;" and then, on plaintiff's motion, a judgment *nil dicit* was entered.

The errors here assigned are based on that judgment.

DENSON & DISQUE, for appellant. (1) Whether the justice had jurisdiction, must be determined by the summons, and not by the complaint.—Code of 1876, § 3604; *Crabtree v. Cliatt,* 22 Ala. 182; *Long v. Bakefield,* 48 Ala. 608; *Burns v. Henry,* 67 Ala. 209. The plea filed to the jurisdiction of the justice should have been heard and determined by the circuit court. (2) The action of the court in not allowing the appellant to defend his case on the plea of not guilty, was a denial to him of his constitutional right to be heard in his own defense, or by his counsel. (3) The rendition of a judgment *nil dicit* in an action for damages, without the intervention of a jury, is manifest error.—*Rhea v. Holston Salt Co.,* 59 Ala. 182; *Porter v. Burleson,* 38 Ala. 343.

J. L. CUNNINGHAM and S. K. McSPADDEN, *contra.* (No brief came to the hands of the reporter.)

BRICKELL, C. J.—The plea to the jurisdiction of the justice was founded on the supposition that it was apparent, on the face of the summons, the damages claimed exceeded fifty dollars. The amount claimed was not shown by the summons, but was shown by the complaint accompanying it, intended doubtless to serve the purpose of an indorsement of the cause of action on the summons, which the statute requires. The plea was frivolous, and could properly have been stricken from the files on motion.—*Johnson v. McLaughlin,* 9 Ala. 551. The court below did not err in disregarding it.

But there was error in refusing the defendant leave to plead not guilty. It is the right of a defendant to plead to the merits, at any time before a judgment by default, or *nil dicit* is entered against him.— *Woosley v. M. & C. R. R. Co.,* 28 Ala. 536, *Rhodes v. McFarland,* 43 Ala. 95.

There was also error in rendering judgment final, without the intervention of a jury to assess the damages. It is only when the action is founded on an instrument in writing ascertaining the plaintiff's demand, that a judgment may be entered

[Freeman v. Gragg.]

under the direction of the court, without the intervention of a jury.

Reversed and remanded.