# United States Rolling Stock Co. v. Weir.

*Action for Damages against Employer, by Administratrix of Deceased Employe.*

1. *Averment of "defect in the ways" used in business of employer.*—In an action to recover damages for the death of the plaintiff's intestate, who was an employe of defendant, the complaint alleged that a plank upon which deceased was required to walk in the discharge of his duties as a watchman at defendant's works was eight inches broad, was laid upon rafters three feet apart and about thirty feet from the floor of a building, and that this was "an unsafe and dangerous appliance for the purpose." *Held*, that the complaint alleged a "defect in the condition of the ways connected with or used in the business of the master or employer," within the meaning of section 2590 of the Code.

2. *City Court of Anniston; when plea may be filed.*—Where a defendant in an action in the City Court of Anniston conforms to the provisions of section 6 of the act creating that court (Sess. Acts 1888–89, p. 564) by filing a demurrer to the complaint within thirty days after service of the summons and complaint, upon the overruling of the demurrer, he is entitled to file a plea to the merits at any time before a judgment by default is claimed, though more than thirty days after the overruling of the demurrer.

3. *Ne unques administratrix* is a plea in bar.

4. *Ruling of court shown only by bill of exceptions.*—The ruling of the court on a motion to strike a plea from the file is a judgment
Vol. 96,

which should appear in the record proper, the bill of exceptions not being the proper place to show such ruling.

5. *When juror may be excused.*—It is not improper to excuse a juror who requests to be excused on the ground that he had been approached during the court by plaintiff and a friend of plaintiff, who said to him that defendant was trying to beat plaintiff out of her money, and that the jury ought to give her a good verdict.

6. *Charge as to liability of employer for injuries caused by defects in machinery.*—In an action against an employer by the administratrix of a deceased employe to recover damages for the death of plaintiff's intestate in consequence of alleged defects in defendant's ways, machinery or plant, or plant, a charge instructing the jury to find for the plaintiff, if the defect in the ways, works, &c., which caused the injury, was, or, with proper diligence, should have been, known to the defendant, its officers or agents, at the time the injury was suffered, is erroneous, in ignoring the inquiry as to whether defendant had sufficient time to remedy the defect after its discovery.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

This was an action by Annie Weir, as the administratrix of the estate of Charles V. Weir, deceased, against the United States Rolling Stock Company, a corporation, to recover damages for the alleged negligence which caused the death of the intestate. The complaint alleged that the deceased was in the employ of the defendant as a watchman at its car-works; that it was part of his duty as such watchman to take care of a certain pipe leading to the boilers in said works, and to see that no steam should be wasted through said pipe during the night; "that, though such fact was unknown to plaintiff's intestate, the said pipe and its connection with such boiler were so very defective in their condition as to be dangerous, which fact was well known to the officers and agents of said defendant in charge of said work, but unknown to the said Weir; that said pipe, or the place at which said Weir was directed as aforesaid, whenever said steam should commence to escape, to stop the same, was situated just under the roof of a large building of defendant, and was fully thirty, or about thirty, feet from the floor or ground of said building; that defendant, for the purpose of supplying a way by which said Weir could reach such pipe and stop the escape of such steam, did, by its agents and employes, to whose orders said Weir at said time was bound to conform and did conform, lay a narrow plank, to-wit, a plank only eight inches broad, over the rafters of said building, which were about three feet apart, along which it was the orders of said officers and agents of defendant last mentioned to said Weir that he should walk to said place on said pipe, and stop the escape of said steam, should it ever commence to escape while said Weir was

[United States Rolling Stock Co. v. Weir.]

engaged in his duty of watchman as aforesaid; that said Weir, being utterly unskilled in such matters, was not aware of the dangerous character of the path furnished him to said pipe, along said narrow plank, which was, as plaintiff avers, a most unsafe and dangerous appliance for such purpose; that said Weir, while engaged in his duties, as watchman as aforementioned, did, on the night of November 10, 1888, attempt to walk along said plank and stop the escape of said steam, which, owing to the very defective condition of said pipe and its connections with such boiler, had commenced to escape in large quantities, but, such was the force of such escaping steam, the pain he suffered from the scalding thereby, and the meager foothold furnished by such plank, that said Weir was hurled to the ground, and sustained injuries that resulted in his death." The complaint then alleged that "the defects in the ways, works and machinery of defendant as aforesaid, which caused the death of plaintiff's intestate, arose from, or had not been discovered or remedied, owing to the negligence of said defendant, or of those persons or that person in the service of defendant, intrusted by defendant with the duty of seeing that the ways, works, machinery, or plant of defendant were in proper condition." The defendant demurred to the complaint, assigning the following grounds of demurrer: "1. It does not appear from said complaint that the death of Charles V. Weir was caused by reason of any defect in the condition of the ways, works, machinery, or plant connected with, or used in the business of the defendant. 2. It does not appear from said complaint that the injuries received by Charles V. Weir were caused by reason of the negligence of any person in the service or.employment of defendant, to whose orders or directions said Charles V. Weir, at the time of the injuries received, was bound to conform, and did conform, and such injuries resulted from his having so conformed. 3. The complaint fails to set forth any defect in the condition of the ways, works, machinery, or plant of defendant, which caused the injuries alleged. 4. The complaint fails to set forth or show the act of negligence of the officer in the employment of defendant to whose orders, at the time of the happening of the injuries, said Charles V. Weir was bound to conform and did conform, and was injured in having so conformed. 5. It does not appear from said complaint that plaintiff is entitled to recover under any of the subdivisions of section 2590 of the Code of Alabama." The court overruled these demurrers. The other rulings of the court upon the pleadings are sufficiently stated in the opinion.

Vol. 96.

[United States Rolling Stock Co. v. Weir.]

The bill of exceptions recites: "While the plaintiff was challenging jurors, the counsel for plaintiff stated to the court that he was informed that one of the jurors in the panel had been approached in reference to this case, and had had conversations about same with plaintiff and one of her friends, and asked that the juror be not put upon the plaintiff. In answer to said statement, the juror arose and asked to be excused from sitting on this case, because he had been approached, he said, by one of plaintiff's friends during the court, who said to him that the Rolling Stock Company were trying to beat plaintiff out of her money, and the jury ought to give her a good verdict; and also that he had a similar conversation with plaintiff. The court then, for this reason, excused this juror from sitting on this case, against defendant's objection, and defendant then and there excepted to said action of the court in excusing said juror. The plaintiff then exhausted all her challenges, but the juror excused as aforesaid was not challenged by the plaintiff, but excused at his own request as aforesaid."

The evidence for the plaintiff tended to support the allegations of the complaint, while the evidence for the defendant tended to show that it was no part the duty of plaintiff's intestate to go over the plank on the rafters in the nighttime, or to have anything to do with the pipes or valves overhead; that his duties as night-watchman were confined to keeping out trespassers, and seeing that the furnaces were ready to be started in the morning. The defendant separately excepted to each of the following written charges given at the request of the plaintiff: "1. The burden is on the defendant to prove the plea of contributory negligence on the part of Charles Weir." "2. If the jury believe from the evidence that a defect or defects existed in the ways, works, machinery, or plant of defendant, which caused the death of plaintiff's intestate, and such defect or defects were so obvious that a reasonably cautious and careful person should have found out such defect or defects, then the defendant is charged with the knowledge of the same." "3. If the jury believe from the evidence that Charles Weir sustained the injuries which resulted in his death by reason of any defect in the ways, works, machinery, or plant of defendant while performing the duties imposed upon him by his employment, which defects were known to defendant or its officers or agents in charge of such ways, works, machinery, or plant, which it, or they, should have known by the exercise of ordinary care of such defendant or its officers or agents in charge, then they must find for plaintiff." The

defendant in writing requested the court to charge the jury that if they believed the evidence, they should find for the defendant, and excepted to the refusal of the court to give this charge. There was judgment for plaintiff, and defendant appeals.

J. J. WILLETT, for appellant.—(1.) The court erred in striking defendant's plea of *ne unques administratrix* from the files.— *Watson v. Collins*, 37 Ala. 588; *Wagnon v. Turner*, 73 Ala. 197; *Lewis v. Reed Lumber Co.*, decided at present term. (2.) Charge No. 3 given for the plaintiff is erroneous. *Seaboard Mfg. Co. v. Woodson*, 10 So. Rep. 87.

McDONALD & WILLIAMS, *contra*.

STONE, C. J.—The City Court did not err in overruling defendant's demurrer to the complaint. As we understand the pleader, the principal defect complained of was the narrow plank—the "way" by which the defective and leaking pipe was to be reached. If it was part of the duty of plaintiff's intestate to look after the pipe in question, and to stop the leak should one occur, it can not be questioned that a single plank, such as is described in the complaint, afforded a very insecure foot-way, at the height the testimony shows it to have been placed. The complaint is sufficient.—Code of 1886, § 2590. These remarks apply solely to the way or means of approach to the alleged defective pipe. Such defective way, if it existed, was inherent in the very nature of the appliance, and could not fail to be understood by every one who looked upon it and had knowledge of the uses to which it was to be applied.

But the foot-way was not made the sole ground of complaint. It is alleged that the said pipe and its connections were not in proper order. The averment is, "that though such fact was unknown to plaintiff's intestate, the said pipe and its connection with such boiler were so very defective in their condition as to be dangerous, which fact was well known to the officers and agents of said defendant in charge of said work, but unknown to the said Weir," (intestate). As pleading, this averment is sufficient. A question, however, which grew out of it was raised in the charges which we will consider further on.

The complaint in this cause was filed April 17, 1889. On May 15, 1889, the defendant filed a demurrer to the complaint, and on January 22, 1890, the City Court ruled that the complaint was sufficient, thus overruling all the grounds

of demurrer.　No further order or proceedings appear to have been taken until December 2, 1890, when the defendant filed several pleas in bar, and among them, "that plaintiff is not now, and was not at the commencement of this suit, the administratrix *de bonis non* of Charles V. Weir, deceased." The case was tried on the merits June 4, 1891, and verdict and judgment rendered for plaintiff.　The bill of exceptions informs us that the plea of *ne unques administratrix*, on the motion of plaintiff, was disallowed and stricken from the file, "because the same had not been filed within thirty days after the overruling of said demurrers."　Defendant excepted to this ruling.　The bill of exceptions does not state whether this motion and ruling were had when the trial on the merits was taken up, or before that time.

The City Court of Anniston was created by act approved February 25, 1889.　Sess. Acts 1888–89, p. 564.　By section 6 of that act it is declared that defendants must plead or demur to the complaint within thirty days after service of summons and complaint upon them.　We find no other provision on the subject, either in that statute, or in the act amendatory thereof, approved February 18, 1891.　Sess. Acts 1890–91, p. 871.

Defendant certainly conformed to the letter of the statute by demurring to the complaint within thirty days after service of summons, and we are not informed that any motion was made for judgment for want of a plea, either before or after the pleas were filed.　We hold that under the circumstances, if the questions were properly raised, the motion to reject the plea came too late, and that it ought to have been overruled.　We discriminate between a case like the present one, and a suit to which neither plea nor demurrer is interposed within thirty days after service of process.　Allowing the thirty days to elapse without offering defense of law or fact, the defendant disobeys the positive mandate of the statute, and places himself at the mercy of the court, without the right to complain.—*Reed Lumber Co. v. Lewis*, 94 Ala. 616.　We do not, however, make this ruling the ground of our judgment.　The record recites that the plea had been *filed*, and on motion of plaintiff it was stricken from the file. In such case, the court's ruling and judgment on the motion should have appeared in a judgment-entry.　The bill of exceptions is the proper place to show the circumstances, but the ruling itself was a judgment, and should appear in the record proper.—3 Brick. Dig. p. 78, §§ 4, 7.

In the case we have in hand, the letter of the statute was not violated, for the demurrer was interposed within the

26–96.

[United States Rolling Stock Co. v. Weir.]

thirty days. And while we do not doubt the right of the plaintiff, after demurrer overruled, to move for judgment for want of a plea, if one was not seasonably filed, we hold that any defense to the merits was in time, if offered before default claimed.—*Woosley v. M. & C. Railroad Co.*, 28 Ala. 536; *Wagnon v. Turner*, 73 Ala. 197. "*Ne unques administratrix* is a plea in bar.—7 Amer. & Eng. Encyc. of Law, 380–81.

There is nothing in the exception reserved to the rejection of the juror. Jurors should be impartial and free from bias or prejudice.

The trial court gave the following instructions to the jury, to which an exception was reserved: "If the jury believe from the evidence that Charles Weir sustained the injuries which resulted in his death, by reason of any defect in the ways, works, machinery, or plant of defendant while performing the duties imposed upon him by his employment, which defects were known to defendant, or its officers or agents in charge of such ways, works, machinery, or plant, or, which it or they should have known by the exercise of ordinary care of such defendant, or its officers or agents in charge, then they must find for plaintiff." As we interpret this charge, it instructs the jury to find for the plaintiff, if the defect in the ways, works, &c., which caused the injury, was, or, with proper diligence, should have been known to the defendant, its officers or agents, *at the time* the injury was suffered. Commenting on similar language in a similar case, in *Seaboard Manufacturing Company v. Woodson*, 94 Ala. 143; we said: "Unless there had been a reasonable opportunity to effect a remedy, it could not be said that the failure to do so was negligent. The defendant must have had sufficient time to remedy the defect after its discovery, before it could be chargeable with negligence in failing to effect such remedy. Mere knowledge, without the opportunity to act on it, would not constitute negligence." We can not know whether the verdict of the jury was based on the alleged narrowness of the foot-plank, or on the defective condition of the connecting pipe, or perhaps on each. Testimony was introduced as to each. On the possibility that the verdict rested wholly or in part on the condition of the connecting pipe, the charge was erroneous.

Reversed and remanded.