# Hudson v. Wood.

*Action on a Promissory Note.*

1. *Filing plea; what is revisable.*—When a plea is not filed within the time specified in the statutory rules of practice, it is discretionary with the court whether or not it will strike from the file a plea filed without authority, but before the entry of judgment by default; and the exercise of this discretion is not revisable on appeal.

2. *Judgment by default, instead of nil dicit.*—A judgment by default, when the record shows that it ought to have been by *nil dicit*, relates to a mere matter of form, and the irregularity is not available to the defendant on appeal, since it can not prejudice him.

APPEAL from the District Court of Lauderdale.
Tried before the Hon. W. P. CHITWOOD.

[Hudson v. Wood.]

This was an action brought in the district court of Lauderdale county, by the appellee, Sallie E. Wood, against the appellant, W. A. Hudson, counting on a promissory note ; and was commenced on April 21, 1891. The summons commanded the defendant "to appear at the next term of the district court to be held for said county, at the place for holding the same, then and there to answer the complaint of Mrs. Sallie E. Wood." This summons was executed on the defendant April 28, 1891. On June 1, 1891, which was the first day of the June term of said court, the defendant entered appearance by his attorney, Mr. Parkins, on the docket of said court, pleas were filed, and a trial by jury was demanded at the time of filing the pleas. On July 10, 1891, the plaintiff's attorney moved the court to strike defendant's pleas from the file, because they were not filed within thirty days from the service of the summons and complaint upon the defendant. In response to said motion, the court said that Mr. Parkins was marked as attorney for defendant, and he would hear him before deciding the question, and that he would not strike the pleas from the file if an affidavit was made, either by the defendant or his attorney, that there was a meritorious defense to the action. On the following day, plaintiff renewed his motion, which was resisted by the defendant, who demanded to be allowed to try the case on his pleas filed June 1, 1891. Thereupon the court asked the attorney for the defendant to state in open court that his defense was a meritorious one. This the defendant's attorney declined to do, saying, that his pleas were on file, and that they attested the legal sufficiency of his defense. After hearing the argument the court ordered the pleas sticken from the file, and thereupon rendered judgment by default against the defendant, which judgment is here assigned as error.

NATHAN PARKINS, for appellant.—The court below erred in refusing to allow defendant's pleas to the merits to remain on file, the same having been filed before a default had been claimed or granted.—9th and 10th rules of practice of circuit and inferior courts of common law jurisprudence ; *Rhodes v. McFarland*, 43 Ala. 101; *Woosley v. M. & C. R. R. Co.*, 28 Ala. 539 ; *Pearsall v. McCartney*, 25 Ala. 461.

If, before default is entered, either in term time or in vacation, the defendant appears and files his pleas, he has a right to be heard on the merits of his case.— *Wagnon v. Turner*, 73 Ala. 198; *Rhodes v. McFarland*, 43 Ala. 101; *Woosley v. M. & C. R. R. Co.*, 28 Ala. 539.

EMMET O'NEAL, *contra*, cited Acts of 1890–91, pp. 351, 605; *Reed Lumber Co. v. Lewis*, 94 Ala. 626; *Bowers v. Dickerson*, 18 Cal. 420.

HEAD, J.—The practice and proceedings in the district court of Lauderdale county are regulated by special law. See act creating that court, adopting the practice of the circuit court.—Acts 1890–91, 605; and act regulating circuit court practice, Acts 1890–91, p. 351. By the latter, it is provided that the defendant shall be required to appear and demur or plead to the complaint, within thirty days after the service of the summons and complaint upon him, whether such service be made in term time or vacation; and any defendant, failing, for more than thirty days after service has been perfected upon him, to appear and demur or plead, shall be ''held to be in default, and at any time thereafter judgment by default, on motion of the plaintiff, may be rendered against him.'' It is provided that the court may, for good cause shown, allow the judgment by default to be set aside and demurrers or pleas to be filed, on such terms as the court may think just, but not unless affidavit is made by the defendant, his agent or attorney, that in the belief of affiant the defendant has a lawful defense to such suit. The general practice in the State is, that when the term of the court is one week the defendant must plead or demur within the first two days of the return term, and when more than one week within the first three days, (Code, § 2732); and by the 9th, 10th and 11th rules of circuit court practice (Code, page 807) defaults may be entered on the docket in vacation, which shall relate to the preceding term, and advantage thereof may be claimed at the next term; and after default so entered, the party claiming the benefit thereof shall not be bound to receive any plea or pleading of the party so in default. On timely application, on affidavit showing merit and a sufficient matter of excuse, a default may be set side on such terms as the court may impose. Under

this general practice, it was held by this court in *Woosley v. M. & C. R. R. Co.*, 28 Ala. 536, that, construing the several provisions of this statute and rules together, the defendant had a right to plead at any time before the default is entered. That decision, we think, is undoubtedly correct. It was re-affirmed in *Rhodes v. McFarland*, 43 Ala. 95, and *Wagnon v. Turner*, 73 Ala. 197. The provision that after the default is entered the party claiming the benefit of it shall not be bound to receive any plea of the party so in default, clearly implies that such plea shall be received at any time before the default is entered. The special law by which this case is governed, supersedes the general practice so far as it would apply to Lauderdale District Court. By it, the failure to demur or plead within thirty days after service operates *proprio vigore* to establish the defendant's default, without action on the part of the plaintiff claiming the benefit thereof; and thereafter the plaintiff is, by the terms of the act, entitled to a judgment by default, on his motion. The default so created operates an admission of the cause of action, which the defendant has no right to qualify or withdraw by filing pleas putting in issue the allegations upon which the cause of action rests, or otherwise defending against the plaintiff's right to a judgment, unless upon leave of the court first had and obtained; the power to grant which leave is inherent in the court, by virtue of its general control over its practice and proceedings. If a defendant, so in default, without leave, puts a plea upon the file, the court, in its discretion, may strike it therefrom. It is confided to the court, in all such cases, to see that justice is done, and its discretion will be exercised to that end. We held in *Reed Lumber Co. v. Lewis*, 94 Ala. 626, construing a similar act, that it was within the discretion of the trial judge to allow or refuse to allow a plea to be filed, after the thirty days, and that his discretion can not be reviewed or controlled on appeal. The same rule applies to the court's action striking or refusing to strike from the file a plea filed without authority. We would remark, however, that in the present case, this discretion seems to have been most wisely exercised by the trial judge. After the motion to strike, the defendant was given time to file affidavits of merit. This he failed to do. The court then took a step further and offered to permit the pleas to remain, if de-

·fendant's counsel would state, in his place, that the defense was a meritorious one, which the counsel declined to do, saying that his pleas were on file, and that they attested the legal sufficiency of his defense. It would be a very unwholesome rule that would deny to the court the right to strike out the pleas in such a case.

In *Atlantic Glass Co. v. Paulk*, 83 Ala. 405, and *Elyton Land Co. v. Morgan*, 88 Ala. 434, we ruled that the objection that a judgment was by default instead of *nil dicit*, relates to a mere matter of form, and is without merit, especially when made by the defendant. It may be different when the plaintiff complains.—83 Ala., *supra*.

The judgment of the district court is affirmed.