[Craig & Co. v. Pierson L. Co.]

# Craig & Co. v. Pierson L. Co.

*Assumpsit.*

(Decided January 16, 1913.  60 South. 838.)

1. *Sales; Contracts; Breach; Damage.*—The measure of damages for the breach of a contract of sale is the difference in the market price and the contract price at the time of the breach of the contract, and not before the time of the breach.

2. *Charge of Court; Necessity of Request.*—Where a charge embodied a correct statement of the law, though abstract, its giving was not reversible error in the absence of a request for a more specific charge, although the charge given if unexplained and unqualified may have mislead the jury in their application of it to defendant's evidence. and theory of the case.

3. *Pleading; Amendment After Remandment; Discretion.*—Where the trial on the merits on other pleas, followed by a reversal, was had and a plea was filed after remandment and a long time after the time prescribed for pleading, it was within the discretion of the trial court to allow it to stand or to strike it from the file.

4. *Same; Time.*—Under section 5347, Code of 1907 and Circuit Court Rules 9 and 10 a defendant has a right to plead to the merits at any time before a default is entered against him.

5. *Same.*—Under section 5347, Code of 1907, the failure of either party to file subsequent pleadings within the time prescribed renders their later acceptance discretionary with the court; where no time has been prescribed such pleas may be filed as of right at any time before judgment nil dicit or entry on the trial.

6. *Appearance; Operation and Effect.*—A general appearance by a defendant entitles him to enter a plea of the general issue and precludes a judgment by default, and, upon entry of a plea of the general issue, precludes a judgment nil dicit.

7. *Appeal and Error; Review; Discretion.*—While the discretion of the trial court in permitting additional pleas to be filed after the time prescribed by the rules should be liberally exercised for the promotion of right and justice, yet its action in that regard is not revisable on appeal.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Assumpsit by the Pierson Lumber Company against George F. Craig & Company. Judgment for plaintiff and defendant appeals. Affirmed.

The suit was instituted and served February 19, 1907. Plea 7 was filed February 18, 1911. It sets out the contract alleged to have been made between the parties, and alleges a failure to perform on the part of the lumber company, and damages arising from the failure to perform, which are offered to be recouped aaginst the sum claimed, with judgment over for the excess. The plaintiff filed motion to strike the plea, because it was not filed within the time required by the rules of practice of the court, and because it set up no new matter of defense not heretofore pleaded in pleas filed within the time allowed.

The following are the charges referred to as given at the request of the plaintiff:

(A) "I charge you, gentlemen of the jury, if you believe from the evidence that the defendant extended the time of plaintiff's performance of the contract until March 8, 1906, as is alleged in the sixth plea, and you further believe from the evidence that after March 8, 1906, the defendant purchased more lumber to take the place of that plaintiff had contracted to furnish, and you further find from the evidence that on March 8, 1906, the market price of the lumber plaintiff contracted to furnish was not in excess of the contract price, you must find for the plaintiff."

(B) "I charge you, gentlemen of the jury, the defendant had no right to purchase lumber to be delivered f. o. b. cars Savannah, Ga., to fill the contract made by plaintiff with defendant, unless you are reasonably satisfied from the evidence that such price was as cheap as defendant could get the same lumber delivered f. o. b. cars Mobile, Ala."

(C) "I charge you, gentlemen of the jury, the plaintiff contracted to sell defendant lumber to be delivered f. o. b. cars Mobile, Ala., and defendant cannot set off

[Craig & Co. v. Pierson L. Co.]

a claim for damages for plaintiff's breach of contract for purchase of lumber for delivery elsewhere, unless the purchase for delivery elsewhere was as reasonable as purchase could have been made with delivery f. o. b. cars Mobile, Ala."

(D) "I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence that defendant purchased no lumber to supply the place of that plaintiff contracted to furnish after plaintiff breached its contract, and you further find that the evidence does not show at the time of breach any specified difference in the market and contract price, you must find for the plaintiff."

WEBB & MCALPINE, for appellant. Plea 7 was sufficient and the court erred in striking it. The court erred in giving charge B at plaintiff's request. Charge C is subject to the same criticism. It was error to give charge D.—*McFadden Bros. v. Henderson,* 128 Ala. 235; and authorities cited there.

INGE & ARMBRECHT, for appellee. Plea 7 was not filed until long after the time for pleading had elapsed and the action of the court thereof was an exercise of discretion that will not be reviewed.—*Reid Lumber Co. v. Lewis,* 94 Ala. 627; *Donald Bros. v. Nelson,* 95 Ala. 636; *Wagnon v. Turner,* 73 Ala. 197; section 5347, Code of 1907. The court properly gave charges A and D.— *Craig & Co. v. Pierson Lbr. Co.,* 53 South. 803. On the same authority charges B and C were properly given. Charge K was properly given.—*Bell v. Reynolds,* 78 Ala. 511.

SOMERVILLE, J.—Plaintiff sued to recover the purchase price of lumber sold and delivered to defend-

ant.   The defense was that plaintiff failed to deliver to defendant the greater part of the lumber stipulated for in the written contract mutually entered into, whereby defendant was compelled to go into the market and purchase such lumber at prices considerably in excess of the contract price, to his damage in a sum in excess of the amount sued for.   The assignments of error are based on the action of the court in striking from the file defendant's plea No. 7, and in giving several written charges at the instance of plaintiff.

On the former appeal of this case (*Craig & Co. v. Pierson Lumber Co.*, 169 Ala. 548, 53 South. 803), the facts being substantially the same as here exhibited, it was ruled that the present charges A, B, C, and D (there numbered, respectively, 6, 14, 15, and 18) were properly given for plaintiff.   We see no reason for a departure from the conclusions there reached.   As there stated, if the charges were misleading as applied to the evidence appellant's remedy was to ask for explanatory charges.

At plaintiff's request in writing, the court gave to the jury charge K, viz.: "The measure of damages for breach of contract of sale is the difference in the market and contract price at the time of the breach of the contract, and not before the time of the breach."   The "breach of contract" referred to was evidently the failure of the seller to deliver the goods at the time and place agreed upon.   The general rule in such cases is that the purchaser's damages are to be measured by the difference between the contract price and the market price at the time and place of delivery, with interest.—*Bell v. Reynolds*, 78 Ala. 511, 56 Am. Rep. 52. And so the court in effect charged the jury at the request of defendant.   In 35 Cyc. 637, the rule is thus stated: "The market price should be taken as of the

time of the breach of the contract, and not within a reasonable time thereafter, provided there is a market price at such time. * * * If the time of delivery has been extended, the market price will be taken as of the time to which the delivery was postponed, or, if postponed indefinitely, at a reasonable time after demanding performance."

We think the charge embodied a correst abstract proposition of law; and although, unexplained and unqualified, it may have misled the jury in their application of it to defendant's evidence and theory of the case, it cannot be treated as reversible error on that account, as has been repeatedly declared.

Defendant's additional plea numbered 7 was filed after there had been a trial of the cause on its merits, on the general issue, and on other special pleas, followed by reversal and remandment in this court, and long after the expiration of the time prescribed for pleading. It was, therefore, discretionary with the trial court to allow the plea to stand or to strike it from the file. This discretion should be liberally exercised for the promotion of right and justice, but the action of the trial court is not revisable on appeal.

Under repeated decisions of this court, the right of a defendant to plead to the merits at any time before a default is entered against him is firmly established.— *Woolsey v. M. & C. R. R. Co.,* 28 Ala. 536; *Rhodes v. McFarland,* 43 Ala. 95; *Wagnon v. Turner,* 73 Ala. 197; *Talladega Mer. Co. v. McDonald,* 97 Ala. 508, 512, 12 South. 34; *Hudson v. Wood,* 102 Ala. 631, 15 South. 356. It grew out of the construction given to sections 2258-2260, Code 1852, in connection with the ninth and tenth rules of practice (Id. pp. 714, 715), provisions which remain substantially unchanged in the present Code.—Section 5347, Code 1907; rules of practice 9 and

10, p. 1519. The rule has sometimes been abrogated by special laws prescribing a stricter practice.—*Hudson v. Wood*, 102 Ala. 631, 15 South. 356.

These rules and these decisions manifestly relate to cases where there has been *no appearance* by the defendant, and advantage of such default has not been claimed by the plaintiff. Under the practice generally prevailing in this state, a general appearance by the defendant without any plea precludes the entry of a judgment by default, and entitles the defendant as of course to the benefit of a plea of the general issue, in the face of which a judgment by nil dicit cannot be entered.—*Wagnon v. Turner,* 73 Ala. 197.

Where the defendant has once met the requirement of the statute by appearing and demurring, or pleading to the merits, "other pleadings may be filed in such time as the court may direct.—Code 1907, § 5347. It would seem that under this provision the failure of either party to file subsequent pleadings, in their due succession, within the time prescribed therefor, would render their later acceptance discretionary with the court, and that, if no time has been prescribed, such pleas may of right be filed at any time before judgment by nil dicit or entry upon the trial. This is in harmony with the ruling in *U. S. Rolling Stock Co. v. Weir,* 96 Ala. 396, 1 South. 436, where, after *demurrer* to complaint overruled, a plea to the merits, filed more than 30 days thereafter, was held to be in time, if before plaintiff's motion for judgment by nil dicit. We think, however, that the opinion in that case misinterprets the cases of *Woolsey v. M. & C. R. R. Co.,* 28 Ala. 536, and *Reed Lumber Co. v. Lewis,* 94 Ala. 627, 10 South. 333. In the latter case the ruling was that a special plea of coverture could not be filed after the time prescribed;

[Craig & Co. v. Pierson L. Co.]

but the report does not show whether there was a previous appearance, or other pleas on file.

We have briefly reviewed the several decisions above cited, in order to more clearly show that they are not pertinent to the question here presented. That *additional* pleas cannot be filed after the period prescribed by law has expired, or after entry upon the trial, except at the discretion of the trial court, has been affirmed and fully settled by a long line of cases.—*Jones v. Ritter's Adm'r*, 56 Ala. 270; *Steele v. Tutwiler*, 57 Ala. 113; *Donald v. Nelson*, 95 Ala. 111, 10 South. 317; *Foster v. Bush*, 104 Ala. 662, 16 South. 625; *Walker v. English*, 106 Ala. 369, 17 South. 715; *Hightower v. Ogletree*, 114 Ala. 94, 21 South. 934; *Chandler v. Riddle*, 119 Ala. 507, 24 South. 498; *Lytle v. Bank of Dothan*, 121 Ala. 215, 26 South. 6; *Davis Wagon Co. v. Cannon*, 129 Ala. 301, 29 South. 841; *Leader v. Mattingly*, 140 Ala. 444, 37 South. 270; *Cahaba Co. v. Pratt*, 146 Ala. 245, 40 South. 943.

Whatever inconsistencies may have been developed in the discussion and application of the principle stated in *Woolsey v. M. & C. R. R. Co.*, 28 Ala. 536, the present case falls clearly within the rule of discretion just above stated.

We find no error in the record, and the judgment will be affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.