## U. S. SALVAGE & SALES CO. v. WEBER.
(6 Div. 196.)

(Supreme Court of Alabama.    Oct. 30, 1924.)

1. Pleading ⊕⊃356(4)—Striking from files special pleas in recoupment and in set-off filed on day of trial held within sound discretion of court.

Where defendant, within 30 days after service of complaint, pleaded thereto the general issue, action of court in striking from the file special pleas in recoupment and in set-off, filed on day of trial two months thereafter, *held* within the sound discretion of the court.

2. Appeal and error ⊕⊃882(6)—Plaintiff's failure to allege waiver held not ground for reversal, in view of trial of case on theory that issue was involved.

In action on contract, in which plaintiff relied on waiver by defendant of plaintiff's exact compliance with some of the provisions of the contract, and the court by instructions given at the request of both parties presented the issue of waiver to the jury, the Supreme Court will not reverse the cause for failure of plaintiff to allege such waiver.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by William Weber against the United States Salvage & Sales Company, for breach of a contract whereby plaintiff should operate a retail store selling army goods. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Powell & Powell, of Birmingham, for appellant.

Original plea having been filed in time, defendant had the right to file the plea of set-off at any time before issue joined. U. S. Rolling Stock Co. v. Weir, 96 Ala. 396, 11 So. 437; L. & N. v. Mothershed, 121 Ala. 650, 26 So. 18; Geo. F. Craig Co. v. Pierson Lbr. Co., 179 Ala. 535, 60 So. 838. The general charge should have been given for defendant. Long v. Addix, 184 Ala. 236, 63 So. 982; Broughton v. Mitchell, 64 Ala. 210.

Black & Harris and W. C. Woodall, all of Birmingham, for appellee.

Additional pleas cannot be filed after expiration of period prescribed by law, except at the discretion of the trial court. Donald v. Nelson, 95 Ala. 111, 10 So. 317; Foster v. Bush, 104 Ala. 662, 16 So. 625; Jones v. Ritter's Adm'r, 56 Ala. 270; Steele v. Tutwiler, 57 Ala. 113; Leader v. Mattingly, 140 Ala. 444, 37 So. 270; Cahaba Co. v. Pratt, 146 Ala. 245, 40 So. 943. A judgment will not be reversed for omitted allegations in the complaint, where instructions specifically require proof thereof. 13 C. J. 671; 6 R. C. L. 1022;

rule 45, 65 So. ix; Sou. Ry. v. Dickson, 211 Ala. 481, 100 So. 665; B. S. Ry. v. Goodwyn, 202 Ala. 601, 81 So. 339; Jackson v. Vaughn, 204 Ala. 545, 86 So. 469; First Nat. Bank v. Williams, 18 Ala. App. 274, 90 So. 339; Clinton Min. Co. v. Bradford, 200 Ala. 312, 76 So. 74.

GARDNER, J.    This cause was submitted to the jury upon count 1 seeking a' recovery of damages for breach of contract, and count 2, the common count for money had and received, with the plea of general issue thereto.    The trial resulted in a judgment and verdict for the plaintiff in the sum of $500, from which the defendant has prosecuted this appeal.

The first assignment of error argued by counsel for appellant relates to the action of the court in sustaining plaintiff's motion to strike from the file two of defendant's special pleas, one in recoupment and the other in set-off.

[1] It appears that the defendant within 30 days after service of complaint pleaded thereto the general issue.    A few months thereafter, upon the day of trial, the defendant filed the two special pleas just mentioned- and without the consent of the court. Under the circumstances here shown, permitting the interposition of these special pleas at that time was a matter resting within the sound discretion of the trial court, and these assignments of error are without merit.    Craig & Co. v. Pierson Lbr. Co., 179 Ala. 535, 60 So. 838.

Appellant further insists there was error in the refusal to give the general affirmative charge requested by it in writing, as follows: "If you believe the evidence in this case you will find for the defendant."    This insistence is rested upon the theory that the plaintiff had alleged a compliance on his part with all the provisions of the contract, the breach of which he complains, while the proof showed plaintiff had failed in exact compliance with some of these provisions, relying upon a waiver on the part of the defendant, and that plaintiff could not avail himself of the waiver for the reason it was not alleged in the complaint, citing Long v. Addix, 184 Ala. 236, 63 So. 982.

[2] It very clearly appeared, however, that plaintiff was relying upon a waiver, offered proof in support thereof, and that the trial court, by instructions contained in charges given at the request of both plaintiff and defendant, presented the issue of waiver to the jury.    Under these circumstances, therefore, the court is not justified under the rule now prevailing to reverse the cause for a failure of this averment in the complaint. Best Park Amusement Co. v. Rawlings, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929.

We have discussed the assignments of er-

⊕⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for argued by counsel for appellant in brief, and finding no reversible error, the judgment appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.