4 So.2d 420

### Ex parte ANDERSON.

### 8 Div. 152.

Supreme Court of Alabama.

Oct. 30, 1941.

Rehearing Denied Nov. 13, 1941.

Street & Orr, of Guntersville, for petitioner.

Claud D. Scruggs, of Guntersville, for respondent.

## PER CURIAM.

This is a petition for mandamus to be directed to a circuit judge commanding him to vacate a judgment setting aside a default judgment.

The record shows that within thirty days after service of the summons and complaint on an alleged agent of defendant and after the expiration of thirty days after service on the alleged president of defendant, defendant filed a motion to set aside the service upon defendant on the ground that the said alleged agent on whom service was had maintains no office as agent of defendant in the county in which suit was filed, and that defendant has no agent domiciled or residing or having an office in that county, and is not doing business by agent in said county and could not be sued in it for that reason. And in the same instrument it is alleged that the suit ought to abate and that the court ought not to have taken further jurisdiction of this cause for the same reason. The motion and plea were sworn to.

After the filing of said motion and plea, and after the expiration of thirty days from service, and on Monday, January 6, 1941, an entry of judgment by default was made by the clerk, reciting the absence of the judge, and presence of the clerk, and that defendant being called comes not but makes default, and that it was proven that on the 29th day of November 1940, a copy of the summons and complaint was served on defendant by leaving a copy of it with Frank M. Jones who is proved to have been an agent of the defendant at that time, and on the 13th of November, 1940, a copy of it was served on Thomas W. Wert who is shown to have been at that time the president of defendant, and that defendant has not pleaded or demurred to or otherwise answered said complaint. The clerk thereupon rendered a judgment by default against defendant, and the policy of insurance sued on being produced, the clerk further proceeded to ascertain the amount due plaintiff on said policy to be $20,000, and judgment rendered for that amount with the costs.

On February 4, 1941, defendant filed a motion to have the court vacate and set aside said order rendering judgment on the ground that the clerk had no authority to render it. This motion was filed in thirty days after the said default judgment was rendered by the clerk, if that is material. After continuing said motion a time or two, it was granted on September 3, 1941. An amendment to the motion was filed April 10, 1941, setting up a meritorious defense.

This proceeding is to review the judgment of the court granting defendant's motion to vacate and set aside the default judgment.

All the proceedings were had before the Code of 1940 became effective. We are therefore to look to sections of the Code of 1923 as here controlling. Those sections are 9455, 9495, 7881, Rules 9, 10 and 11 of the Circuit Court practice. Reliance is had chiefly on section 9455, which is as follows:

"Rule days.—The first Mondays of each month shall be rule days for all circuit courts. Upon rule days every circuit court shall be deemed to be open and in session for the return of writs and process issuing from or returnable to such courts for the entry of defaults and judgments by default, and decrees pro confesso; and also for the purpose of receiving, entertaining and disposing of all matters, rules, orders, or other interlocutory proceedings which parties may make or apply for, and which by the practice of the court may be entered as matter of course or of right on application, or which are or may be granted without any special order of the judge. In the absence of the judge, the clerk or register may enter up any such order, judgment or decree."

But it must be construed in the light of other features of the Code. Section 9495 provides that if judgment by default be rendered for plaintiff, it may be entered up by the clerk under the direction of the court. Section 7881 provides that when an interlocutory judgment shall be given in any action brought on an instru-

ment of writing for the payment of money only, and the damages rest in computation, the court may refer it to the clerk to assess and report the damages and may enter judgment therefor; and either party may have a jury. Rule 9 of Circuit Court practice provides that defaults may be entered on the docket in vacation. This rule has been long standing (taken out of the Code of 1940, as has section 9455). It did not authorize a judgment by the clerk, but only a "default," after which defendant had no right to plead (Rule 10), but on timely application showing merits the default may be set aside (Rule 11), and, if not, advantage may be taken at the next term (Rule 9). That means that judgment could be rendered at the next term. That rule was never understood to authorize the clerk to render a judgment so far as our cases show. See Hudson v. Wood, 102 Ala. 631, 15 So. 356; Woolsey v. M. & C. R. R. Co., 28 Ala. 536; Rhodes v. McFarland, 43 Ala. 95; Wagnon v. Turner, 73 Ala. 197. The foregoing is the general construction of such form of authority. See, 34 Corpus Juris 172, section 385.

■ Section 9455 was new to the Code of 1923. When it provides that in the absence of the judge on a rule day, the clerk or register may enter "any such order, judgment or decree," it means, we think, such as would be consistent with other features of the Code and their proper interpretation. The clerk may enter a default and the register may enter a decree pro confesso, but we do not think this section of the Code nor any other was intended to confer on either the right to render a final judgment or decree. It was no more effective than a default under Rule 9, supra, similar to a decree pro confesso in some respects.

In the case of Carothers v. Callahan, 207 Ala. 611, 93 So. 509, the Court took pains to show the authority of a circuit judge to order a default judgment, though he was not in the county when the judgment was to be entered. This does not tend to recognize any power in the clerk to enter a judgment, except as directed by the judge. See Gray v. Bank of Moundville, 214 Ala. 260, 107 So. 804.

■ A default and a judgment by default can be set aside by the court in an exercise of his discretion, and is not reviewable except for abuse. Ex parte Doak,

188 Ala. 406, 66 So. 64; Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681. And the court should at any time on motion expunge from the minutes a final judgment rendered by the clerk without due authority from the judge. Ex parte City Bank & Trust Co., 200 Ala. 440(4), 76 So. 372.

Moreover, the state of the record was such that the clerk should not have declared a default.

The defendant, by his motion to set aside the service and his plea in abatement, both filed as one, was evidently trying to take advantage of section 10471, Code of 1923, the venue statute. By it a domestic corporation can only be sued in the county where it is doing business by agent or where it was doing business at the time the cause of action arose, subject to certain exceptions not here material. The plea does not allege that it was not so doing business at the time the cause of action arose, and was probably subject to demurrer on that ground, not to say it was otherwise sufficient. But it was a plea.

■ Under the terms of section 9486, Code of 1923, a defendant who has pleaded or answered or demurred is not in default. It is provided that if he fails to do so in thirty days he is in default, and on motion of plaintiff a judgment may be rendered. Although the thirty days may have expired, he has the legal right to plead to the merits until a default has been entered. Street v. Browning, 205 Ala. 110, 87 So. 527. After the expiration of thirty days, the court has the discretion to allow a plea in abatement. Street v. Browning, supra; Dorrough v. Mackenson, 229 Ala. 336, 157 So. 257.

■ The clerk had no power to deny him this right nor to enter a default, much less a judgment by default, while there was on file a plea in abatement, however defective it may have been, and though filed after the expiration of thirty days from service without authority from the judge.

The judge exercised the discretion vested in him when he set aside the default, and in overruling the motion to strike the plea he exercised his discretion to allow it, though filed after pleading time.

We do not think that he abused his discretion when he did so. His order also had the effect of expunging a judgment rendered by the clerk without due authority, though it was not in that form.

We do not think that petitioner has made such showing as prima facie entitled him to a writ of mandamus, and, therefore, we will not issue a rule nisi.

Petition for writ of mandamus denied.

THOMAS, BOULDIN, BROWN, and FOSTER, JJ., concur.